338    NEW JERSEY SUPREME COURT.

N. Y., L. E. & W. R. R. Co. v. N. J. Elec. Ry. Co.   *60 N. J. L.*

THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY v. THE NEW JERSEY ELECTRIC RAILWAY COMPANY.

1. One who has a fixed reversionary interest in personal property has the right to sue one who is not in possession thereof for such an injury by him thereto as will depreciate its value when it comes to his hands.

2. A bailor, when he makes a bailment for hire—*locatio rei*—parts with the possession to the chattel to the bailee, but if any permanent injury be done to the chattel by a third party during the continuance of the bailment, he may maintain an action against such third party, whether an action might or might not be maintained against such party by the bailee for trover, trespass or replevin to control the immediate possession.

3. A bailor need not look alone to his bailee for a wrong by a third party, in connection with the bailee, done to the chattel which is the subject of the bailment for hire. If the bailee assumes to pledge or sell the bailed goods as his own, such an act amounts to a conversion and the bailor may at once bring his action against the third party in whose possession the property is found. Whilst a mere misuse may not terminate the bailment, yet when by the negligence of the bailee, either alone or in conjunction with the negligence of a third party, the chattel bailed is no longer fit and suitable for, and cannot be devoted to, the use for which it was hired, the bailment is at an end and the bailor can maintain his action for the injury done to it.

4. The servants of the bailee in a bailment for hire are not the servants of the bailor, and he is not responsible to a third party for the negligence of the servants of the bailee in respect to the bailment. The bailee does not stand in the place of the bailor nor represent him in such relation as to render the bailor liable for the negligent acts of the bailee or his servants or agents, and whilst in an action by the bailee for injuries against a third party, occasioned by his negligence, the contributory negligence of the bailee or his servants or agents will constitute a defence to the action, yet in an action by the bailor who is the owner against a negligent third party for injury to the bailment, the negligence of the bailee or his servants or agents is not imputable to such bailor and will not prevent a recovery.

5. A bailment for hire for use distinguished from a bailment for the carriage of goods by a common carrier.

On rule to show cause.

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Cortlandt & R. Wayne Parker.*

For the defendant, *William B. Gourley.*

The opinion of the court was delivered by

LIPPINCOTT, J.   In this case the action is brought by the New York, Lake Erie and Western Railroad Company by its receiver against the defendant to recover damages sustained by the locomotive engine and cars of the plaintiff, in a collision between the locomotive engine and an electric car of the defendant company, at a crossing over a public highway, at Singac, in Passaic county, on September 2d, 1895.   The locomotive and some of the cars of the train belonged to the plaintiff company, and by it had been hired by the day, and from day to day, for use, to the New York and Greenwood Lake Railway Company, which latter company was, with its own engineer, fireman and employes, running the same over and upon its own roadbed and rails at such highway crossing at the time and place of collision.

The defendant was a street electric railway company, running along and upon the Little Falls road, which is a public highway, from Paterson to Passaic and Rutherford.   The tracks of the New York and Greenwood Lake railway cross this highway at Singac.   At the same point the electric car tracks of the defendant company cross the tracks of the plaintiff railroad company, and the collision between the electric car and the locomotive, whilst both were in the act of making this crossing, caused the damage to the locomotive and cars of the plaintiff.

The cause was tried at the Passaic Circuit, together with the case of the New York and Greenwood Lake Railway Company against the defendant, for damage to the tracks of the railroad, and to other cars owned by it, before the same

340    NEW JERSEY SUPREME COURT.

N. Y., L. E. & W. R. R. Co. v. N. J. Elec. Ry. Co.   *60 N. J. L.*

·jury, and the evidence is the same as to both cases except as to damages. Both cases were argued in this court at the November Term, 1896, the former case upon a rule to show cause why the verdict, which was for the defendant in that case, should not be set aside, which rule was discharged at the February Term, 1897, upon an opinion of the court rendered at that term. *Ante p.* 52. In that case this court, in its opinion, held that there existed no error of the trial court in the admission or rejection of evidence or in its instruction to the jury, nor was the verdict against the evidence or the weight thereof, nor contrary to the charge of the court.

In the cause now in hand the trial justice directed the jury to return a special verdict. The jury were directed to find by their verdict, first, whether the collision or accident occurred by reason of the negligence of the employes of the defendant in charge of and operating the electric car of the defendant company; secondly, whether the negligence of the employes of the New York and Greenwood Lake Railway Company, the bailee of the plaintiff company, of the locomotive and some of the cars of the train, contributed to the collision or accident; and thirdly, what amount of damages had the plaintiff suffered.

The jury by their special verdict found negligence of the employes of the defendant company causing the accident; also that the negligence of the employes of the New York and Greenwood Lake Railway Company contributed thereto; and also that the plaintiff company had suffered damage to the amount of $1,475.

On this verdict the *postea* was framed, and the motion now is for judgment thereon.

The right of the plaintiff to recover against the defendant is denied on the ground, first, that under the verdict finding that the contributory negligence of the New York and Greenwood Lake Railway Company having concurred and cooperated with the negligence of the defendant in causing the injury, that therefore the action should be alone against that

company, and that for such injury action only can be had against the New York and Greenwood Lake Railway Company, which was the bailee of the plaintiff of the locomotive and cars, and that it cannot be maintained against the defendant, although its negligence contributed to the injury.

This contention involves the question of the right of the bailor against a third party as wrongdoer in relation to the subject-matter of a bailment for hire for use.

There is no question but that for the injury to the actual possession of the bailee, action against a third party will lie only at the suit of the bailee, and the general current of authority appears to be that the bailee can include in such suit damages for the entire injury to the subject of the bailment, but no case is found which denies the right of the bailor to sue and recover for the permanent injury to the property even before the expiration of the bailment.

One who has a fixed reversionary interest in property has a right to sue one who is not in possession thereof for an injury to such property which will depreciate its value when it comes to his hands, and is entitled to recover damages to the extent of such depreciation. The owner of a reversionary interest in personal property has the same right of action for an injury thereto as in the case of real property. *Sherm. & R. Negl.*, § 119.

The bailor, when he makes a bailment for hire, parts with the right of possession to the chattel, and it has been held that he cannot, during the existence of the bailment, maintain an action of trespass for its asportation, or trover for its mere conversion, or replevin to recover back its possession, against any third person, but it seems to be the accepted doctrine, at present, that if any permanent injury be done to the chattel, he may maintain a special action on the case against a third party for injury done by such third party to the reversionary interest, and this seems to be, both by reason and authority, the rule, whether an action might or might not be maintained by the bailee against such party for trover, trespass or replevin, to control the immediate possession. *Pol. Torts* 432.

342    NEW JERSEY SUPREME COURT.

N. Y., L. E. & W. R. R. Co. v. N. J. Elec. Ry. Co.    *60 N. J. L.*

A person who has let a chattel out to hire may nevertheless sue a third party for damages in respect to the permanent injury to the reversionary interest. *Add. Torts* 410.

In *Mears* v. *London, &c., Railway Co.,* 11 *C. B. (N. S.)* 850; *S. C.,* 103 *Eng. Com. L.* 849, the case was that a barge was let to hire. The defendant, who was not the bailee, was engaged in raising a boiler out of the barge when the boiler negligently fell, destroying the barge. The court held that the plaintiff, who was the owner of the barge, had the right to sue a third party whose negligence caused the injury, and laid down the rule that although the owner could not bring an action when there had been no permanent injury to the chattel, where there is such permanent injury the owner might maintain an action against the person whose wrongful act had caused the injury.

The general rule appears to be that the owner of a chattel, which is out on hire for an unexpired term, may maintain an action against a third person for a permanent injury thereto. This seems to be the rule whether the bailment has expired or not. *Howard* v. *Farr,* 18 *N. H.* 457; *White* v. *Griffin,* 4 *Jones (N. C.)* 139; *Railroad Company* v. *Kidd,* 7 *Dana (Ky.)* 245; *Hawkins* v. *Phythian,* 8 *B. Mon. (Ky.)* 515.

A bailor need not look alone to his bailee for a wrong by a third party in connection with the bailee as respects the contract of bailment. If a bailee assumes to pledge or sell the bailed goods as his own, such an act amounts to a conversion and the bailor may immediately bring an action of trover or replevin against the third party in whose possession the property is found. *Story Bailm. (9th ed.),* § 413.

In *Enos* v. *Cole,* 53 *Wis.* 235, the right of the action of trespass against a third party, to whom the bailee had improperly sold the goods bailed, was distinctly recognized.

Whether the bailment in the case in hand had expired or not, it seems, can make very little difference. This bailment, or hire of this locomotive and car, was presumably by the bailor at its will.

A bailment may be determined by the mere efflux of time,

as where the chattel is bailed for a stated period. Here the bailment was not for any stated period. It may be determined by the accomplishment of the object for which the thing was bailed, as where the chattel is hired for a particular purpose, or is pledged until the loan is repaid. It may be dissolved by mutual agreement at any time. And either party, as has been said, where the bailment is not for any particular time, may terminate it at will. It may be terminated by the total or partial destruction of the subject-matter of the bailment, as where a chattel is lost or is destroyed. It may be also terminated where the bailee disposes of it contrary to the terms of the bailment. In this case the bailment was terminated at the time of the injury, for then it was no longer, under the evidence, fit and suitable for the use which the contract of bailment contemplated. Whilst a mere misuse might not terminate the bailment, yet when, by the negligence of the bailee, either alone or in conjunction with the negligence of a third party, it is no longer fit and suitable for the uses for which it was hired, both by reason and all the authorities, the contract of bailment is at an end.

It would seem to be clear that, under general principles, a bailor can maintain an action for injury to the property bailed, at the hands of a third party, who is a wrongdoer in relation thereto, especially wherever the injury is of a permanent character. Therefore, the contention of the defendant that the right of action was alone against the bailee must fail.

But the right to recover is secondly denied upon the ground that the contributory negligence of the New York and Greenwood Lake Railway Company, the bailee of the locomotive and cars, is a bar to recovery by the plaintiff company, which was the bailor of the same, and that the contributory negligence of the bailee is imputable to the plaintiff as bailor, and, therefore, prevents a recovery. It is contended that in law the bailee could have included the injuries to the locomotive and cars in his action against the defendant, and that its contributory negligence would have been a complete defence to the action, and this being so that this same contributory negli-

344 NEW JERSEY SUPREME COURT.

N. Y., L. E. & W. R. R. Co. v. N. J. Elec. Ry. Co. *60 N. J. L.*

gence can be successfully set up against the plaintiff, who is the owner of the property, or in other words that the possession by the bailee involves the bailor in all the consequences of the default of the bailee, however much the act of wrongdoing by the third party might be the joint cause of injury to the chattels in the possession of the bailee.

The reason of this contention, as it appears to the court, is not apparent or well founded.

It need only be said that a bailment is a contract which is interpreted by the same rules as other contracts. The bailor and bailee are just as independent of each other in regard to the subject-matter as the contract by its terms permits them to be. It is the delivery of a thing in trust for some special object or purpose upon a contract express or implied to conform to the object or purpose of the trust. *Story Bailm.* (8th ed.) 4. This is evidently true as to a bailment for hire to use—*locatio rei.* If not a part of the express contract the law impliedly engages to allow the full use and enjoyment of the chattel by the bailee, to the extent of the use and enjoyment of the object of the hiring and for the time hired. This right of the bailee is quite independent of any control by the bailor, but there is also the right of the bailor to have the thing used with care and moderation ; to have it applied to the use for which it is hired and no other ; to have it used with reasonable care for its preservation, and to have redelivery when the use to which it is to be devoted is completed or performed, or the bailment has otherwise expired. The bailee is responsible to the bailor for injuries to the subject of the bailment by reason of the negligence of the bailee, and of his servants in the course of his employment, occasioning injury to the property. The general property remains in the bailor, and the bailee only has a special interest for the express or implied objects of the bailment.

Under these general principles now well established as governing the contract of bailment, it would be entirely too artificial to say that no right of action existed by the bailor against a third party as a wrongdoer for injury by negligence or

JUNE TERM, 1897.                    345

*31 Vroom.*   N. Y., L. E. & W. R. R. Co. v. N. J. Elec. Ry. Co.

otherwise to the chattel which was the subject of the bailment. It is not an answer that the bailee has his right of action for the full injury against the wrongdoer, for the bailee may never choose to seek such a remedy, nor can he be compelled to do so, nor can it be said with any greater reason that the bailor must resort alone to the bailee for redress for the injury, for it may have occurred in spite of the exercise of the full degree of care required of the bailor, as in case of theft by the servants of the hirer, for which he is not, generally speaking, liable unless there are some circumstances which impute to him a want of due diligence.   *Vere* v. *Smith,* 1 *Vent.* 121 ; *S. C.,* 2 *Lev.* 5 ; *Story Bailm.* (*8th ed.*), §§ 38, 407.   The servants of the bailee are responsible to the bailor for their malfeasances, not because they are the servants of the bailee, but because they are active wrongdoers to the bailment.   *Lane* v. *Cotton,* 12 *Mod.* 488 ; *Story Bailm.* (*8th ed.*), § 405 ; *Story Ag.,* §§ 309–320.   The care or diligence required to be exercised depends upon the nature of the subject and it rises in proportion to the demand for it, and when the required care is exercised the bailee is no longer responsible to the bailor.

Therefore, there is nothing in the relation of the bailor and bailee which of itself can prevent the bailor from seeking out the third party as the wrongdoer, and imposing upon him the liability for the results of his conduct to the subject of the bailment.   It would seem, upon reason, that there could exist no objection to the joint liability of the wrongdoer and the bailee, when the joint negligent act of both caused the injury.

But the defendant distinctly contends that the negligence of the bailee or its servants in the operation of this locomotive and train of cars by reason of this bailment, contributing to the injury, is imputable to the bailor and prevents a recovery on the part of the bailor against the defendant as a third party, who is a joint wrongdoer with the bailee.   This joint negligence by the special verdict is found to have been the cause of the collision and injury, and, therefore, the case must be considered with the fact of the contributing negligence of the bailee established.

346 NEW JERSEY SUPREME COURT.

N. Y., L. E. & W. R. R. Co. v. N. J. Elec. Ry. Co. *60 N. J. L.*

In a contract of bailment of things for hire, the bailor is not responsible to a third party for injuries occurring to such third party by reason of the negligent use of the thing hired by the bailee, nor for the negligence of the servants of the bailee in respect thereto. The bailee does not stand in the place of the bailor nor represent him in such relation as to render the bailor liable for such injuries, nor are the servants of the bailee the servants of the bailor or in any sense acting for him, and the contract of bailment is in so far entirely an independent one, and the liabilities of the bailor and bailee to third parties are essentially independent of each other.

In this case it cannot be contended that the plaintiff company would have been responsible to the defendant if the negligent use of the locomotive by the servants of the New York and Greenwood Lake railway had occasioned an injury to the defendant's car at this crossing. This negligence, however much the occasion of the injury to the defendant, could not have rendered the plaintiff company responsible so long as, in this case, no act or conduct of the plaintiff company was in question. It did not, in fact, advise, encourage or permit in the hands of its bailee the negligent use of this locomotive.

The contributory negligence of a third person can only be set up in a defence when it is legally imputable to the plaintiff, and its existence must depend upon some connection or relation between the plaintiff and the third person from which such legal responsibility may arise. It is a general rule that it is no justification of the misconduct of the defendant that some third person, a stranger, was also in the wrong. The negligence of the servant in the course of his master's employment is imputable to the master, and so as between agent and principal. But the negligence of one passenger in a car standing alone, inflicting injury upon another passenger, is not imputable to the railroad company, a common carrier of passengers. There must exist concurring negligence, in some respect, in the railroad company. *Sheridan* v. *Brooklyn, &c.,* 36 *N. Y.* 39; *Cannon* v. *Midland and Great Western Railway*

*Co., L. R.,* 6 *Ir. App.* 199. If the defendant be negligent, the fact that the negligence of others co-operated or concurred with it in effecting the wrong does not affect the question or measure of liability. *Mott* v. *Hudson River Railroad Co.,* 8 *Bosw.* 345; *Atkinson* v. *Goodrich Transportation Co.,* 60 *Wis.* 141.

It may be deemed to be settled in this state that the employes or servants of a bailee are not the servants of the bailor in any such relation as to make the bailor liable to third parties for their negligence or misconduct in relation to the thing bailed. As where A hired a coach and horses with a driver from B, to take his family on a particular journey, and in the course of the journey, in crossing the track of a railroad, the coach was struck by a passing train and A was injured. In an action by A against the railroad company for damages it was held that the relation of master and servant did not exist between the plaintiff and the driver, and that the negligence of the driver, co-operating with that of the persons in charge of the train which caused the accident, was not imputable to the plaintiff as contributory negligence to bar his action. It was further held that for whatever purpose the negligence was invoked, whether as an action for injury done by the driver, or as contributory negligence to bar the action by the passenger, against the third person for an injury sustained, the negligence to be imputed to the passenger must be such as arises in some manner from his own conduct.

The negligence of the driver, without some co-operating negligence on his part, cannot be imputed to the passenger in virtue of the simple act of hiring. *New York, Lake Erie and Western Railroad Co.* v. *Steinbrenner,* 18 *Vroom* 161; *Bennett* v. *New Jersey Railroad Co.,* 7 *Id.* 225.

There is no perceivable distinction between the case in hand and the cases last cited. Both rest upon a contract of bailment for the hire of a thing for use, and although a contract mutually beneficial to each of the parties, they are so independent of each other that the negligence of one cannot be imputable to the other.

It is only when the contributory negligence is of such a

348     NEW JERSEY SUPREME COURT.

N. Y., L. E. & W. R. R. Co. v. N. J. Elec. Ry. Co.   *60 N. J. L.*

character and the third person is so connected with the plaintiff that an action might be maintained against the plaintiff for damages for the consequences of such negligence, then when the plaintiff brings the action, that negligence is, in contemplation of law, the plaintiff's negligence, and it is justly imputed to him.

This relation does not exist between the bailor and bailee under the ordinary contract of bailment.

The case of *Hawkins* v. *Phythian*, 8 *B. Mon.* (*Ky.*) 515, is a case very similar in the application of the principles of law to the one in hand; in this case the plaintiff hired a slave to A, who allowed him to go with B; while B had the slave, he put him on a restive horse which threw the slave and killed him. The plaintiff sued A and B together. The verdict was allowed to stand against B, although it was set aside as to A, by reason of an erroneous instruction of the court to the jury.

The cases cited by the defendant in his argument are mainly based on the doctrine laid down in *Thorogood* v. *Bryan*, 8 *C. B.* 114, in which the deceased intestate, while alighting from the omnibus in which he was a passenger, was knocked down by the defendant's omnibus and received injuries from which death ensued. The court held, in that case, that if the want of care on the part of the driver of the omnibus in which the deceased was riding in not driving up to the curb to put the deceased down, had been conducive to the injury, the plaintiff could not recover, although the defendant's driver had been guilty of negligence.

It is sufficient to say that this doctrine has been thoroughly disapproved in this state in the case of *New York, Lake Erie and Western Railroad Co.* v. *Steinbrenner*, 18 *Vroom* 161. Before the Steinbrenner case had been decided, Chief Justice Beasley, in the case of *Bennett* v. *New Jersey Railroad Co.*, 7 *Vroom* 225, had repudiated the doctrine. It has now been overruled in England in the Bernina case, *L. R.*, 12 *Pro. Div.* 58. The Supreme Court of the United States, in the case of *Little* v. *Hackett*, 116 *U. S.* 366, also repudiates it.

There is a line of cases in which the peculiar contractual relations between a shipper of goods and the common carrier thereof *locatio operis mercium vehendarum,* who, is liable to the shipper against all events except the acts of God or the public enemy, or the natural wear and tear of the article shipped, and responsible for all the consequences of his conduct as an insurer against loss except from such excepted causes, which hold the carrier alone responsible for injury. The shipper, according to such authorities, cannot recover against a third party for negligence in the care of such goods or injuries to them.

The distinction between the relation which exists in law between the shipper and the common carrier of goods and the bailment for hire of a chattel for use is so obvious as not to need discussion. The carriage of goods is, by all legal writers, classed as a different contract of bailment having peculiarities, and governed by principles characteristic of the relation quite apart from the contract of bailment of chattels for hire.

The cases cited by the defendant are *Vander Plank* v. *Miller,* 1 *Moo. & M.* 169 ; *Simpson* v. *Hand,* 6 *Whart.* 311 ; *Transfer Company* v. *Kelly,* 36 *Ohio St.* 86 ; *Arctic Fire Insurance Co.* v. *Austin,* 69 *N. Y.* 470. These cases are all cases which arise under the contract of bailment for the carriage of goods and chattels, not by a special, but by a common carrier.

He is treated as an insurer against all but the excepted perils (*Jones Bailm.* 101), and the shipper cannot look beyond him for liability, and this rule is said to be grounded upon public policy.

I cannot perceive that whether, in respect to this action, the duty of the defendant and the bailee were joint or separate can make any difference. If the same duty of care was due and owing to the plaintiff, then a common neglect of that duty would render them both liable as joint tort-feasors. If the duty to plaintiff was a separate one which was neglected to be performed by each of them, although the duties were diverse and disconnected, and the negligence of each was without concert, if such neglects concurred and united in causing

the injury, the tort still is equally joint and the tort-feasors are subject to a like liability. *Matthews v. Delaware, Lackawanna and Western Railroad Co.*, 27 *Vroom* 34.

The bailee was bound to use reasonable care and diligence in the preservation of the property from injury. The defendant, in the operation of the electric car, was bound to exercise reasonable care in avoiding injury to the property of which the plaintiff was the owner.

It would seem that the intervention of the negligence of the bailee could not shield the defendant from the injury caused by its own negligence. Both might have been selected as joint tort-feasors, or the action could be maintained against either.

The conclusion reached is that the plaintiff had the right to sue either or both these companies for the injuries arising from their negligence to the locomotive and cars of the plaintiff, and it is not a defence to the action that the accident was contributed to by the negligence of the other. Each is liable upon its own negligence, and the negligence of the bailee is not imputable to the plaintiff as a shield to the defendant against recovery.

Judgment must be entered on *postea* for the damages found by the jury.