(93 South. 628)

**MORGAN COUNTY v. PAYNE, Director General of Railroads.    (8 Div. 426.)**

(Supreme Court of Alabama.    June 29, 1922.)

**1. Negligence ⬉117—Pleas held to be of contributory negligence of bailee imputable to bailor.**

Complaint alleging simply that defendant negligently ran a train into plaintiff's truck while it was being driven by "one T.," must be treated as showing that T. was a bailee merely, the only implication arising being that he had the custody of the truck, and therefore pleas of contributory negligence of T., not alleging any relationship between T. and plaintiff, must be treated as pleas of contributory negligence of a bailee, imputed as a matter of law to the bailor.

**2. Negligence ⬉90—Contributory negligence of bailee not imputed to bailor.**

Contributory negligence of a bailee cannot, by reason of that relationship alone, be imputed to the bailor, but to justify the imputation there must be a relationship of master and servant or principal and agent, or a reservation of direction and control with respect to the use of the thing bailed at the time and place of its negligent injury.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by the County of Morgan against John Barton Payne, Director General of Railroads. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The complaint charges that the defendant railroad company negligently (and also wantonly) ran one of its trains upon a motor truck, the property of the plaintiff, while it was being driven across its track at a public crossing by "one J. A. Thomason," whereby said truck was substantially injured.

On motion, the name of the Director General of Railroads was substituted for that of the railroad company, and the suit proceeded against him alone.

The defendant pleaded a number of special pleas, setting up in various forms the contributory negligence of said J. A. Thomason in so handling the truck as to proximately cause the collision and injury complained of.

None of these pleas alleged any relationship between the plaintiff and the said Thomason, either of master and servant, principal and agent, or otherwise, and plaintiff's demurrer objected to the sufficiency of each of the pleas on account of the absence of such an allegation.

The demurrer was overruled, and, on the issues as thus submitted, the jury found for the defendant, and there was judgment accordingly.

Callahan & Harris, of Decatur, for appellant.

One joint tort-feasor may not plead the negligence of another joint tort-feasor as a defense for his own negligence. 161 Ala. 358, 49 South. 472; 1 Thompson on Neg. § 499. The bailee's contributory negligence is no defense to a suit by the bailor for a negligent injury to the bailment. 107 Wash. 57, 181 Pac. 29, 6 A. L. R. 307; 226 Pa. 198, 75 Atl. 194, 27 L. R. A. (N. S.) 689, 18 Ann. Cas. 535; 61 N. J. Law, 287, 41 Atl. 1116, 43 L. R. A. 849; 56 N. J. Law, 34, 27 Atl. 919, 22 L. R. A. 261; 159 Fed. 676, 86 C. C. A. 544, 17 L. R. A. (N. S.) 925; 6 C. J. 1151; 3 R. C. L. 146; 76 Fla. 217, 79 South. 729; 194 Ala. 141, 69 South. 626. The negligent act of a third person cannot be imputed to the injured party, unless they sustain such a relation that the act of the former was, upon the principle of agency, that of the latter. 161 Ala. 358, 49 South. 467.

Eyster & Eyster, of Albany, for appellee.

Under certain circumstances, the negligence of the driver of a vehicle is chargeable to a passenger, guest, or owner. 203 Ala. 639, 84 South. 842; 203 Ala. 266, 82 South. 510; 195 Ala. 380, 70 South. 729; 132 Ala. 516, 31 South. 618; 77 Neb. 466, 109 N. W. 752, 8 L. R. A. (N. S.) 628; 257 Pa. 42, 101 Atl. 75; 103 Me. 224, 68 Atl. 860, 16 L. R. A. (N. S.) 431, 12 Ann. Cas. 1083. Negligence of bailee may be imputed to bailor, when property is being used in accordance with the terms of the bailment. 3 R. C. L. 147. The court correctly gave the general affirmative charge for defendant. 149 Ala. 529, 43 South. 33.

SOMERVILLE, J. [1] The question presented by the demurrer to the several special pleas is whether or not the contributory negligence of Thomason, who was driving plaintiff's car at the time of its collision with defendant's train, is imputable to plaintiff, as owner, without any allegation in the complaint or the pleas of any relation between plaintiff and Thomason from which such an imputation would legally result.

The only implication arising from the allegations of the complaint is that Thomason had the custody of the truck. At most, therefore, it inferentially appears that Thomason was a bailee, and that inference cannot support a secondary inference that he was also a servant or agent of plaintiff, or was driving the truck under its direction or control.

The complaint must therefore be treated as showing that Thomason was a bailee merely, and the pleas as showing and relying upon the contributory negligence of a bailee, imputed as a matter of law to his bailor.

This question has been the subject of much judicial discussion and the decisions have been many times reviewed by courts and annotators. The rationale of the subject has been well stated in 3 Ruling Case Law, pp. 147–148, § 70, as follows:

"But, while it appears to be very generally recognized that a bailor is not responsible to a third party for the negligence of the bailee or his servants in respect to the bailment, there seems to be a sharp conflict among the cases as to whether or not the negligence of a bailee is imputable to the bailor so as to prevent the latter from recovering in an action against a third person for an injury to, or the destruction of, his property. Until within very recent years the weight of authority, numerically at least, seems to have been in favor of the view that if the bailee or his servant, through negligence, contributed to the injury of goods in his hands, such negligence was imputable to the bailor, so as to prevent a recovery by him from a third person whose negligence, combined with that of the bailee, caused the injury. But later cases have manifested a decided trend in the contrary direction, so that now the scale may be said to have turned in favor of the other side of the proposition, namely that the bailee's negligence is not imputable to the bailor so as to debar him from bringing an action for an injury to the subject of the bailment. Those cases which support the doctrine that the contributory negligence of the bailee is imputable to the bailor, are based on the theory that where a bailee uses property for the very purpose for which it was bailed, there is the same privity of con-

tract, in all essential features, as in engagements between principal and agent and between master and servant, and that consequently the bailor and the bailee must recover, if at all, on the same facts, and under the same circumstances. The reasoning pursued is that whatever entitles to a recovery entitles either the bailor or the bailee to such recovery; e converso, whatever forbids a recovery to the bailee will also defeat the bailor's action, and so, since a bailee who is guilty of contributory negligence cannot recover in his own name against a stranger for an injury to property bailed, a recovery for the same cause will not be allowed the bailor. Those authorities which entertain the view that a bailor need not look alone to his bailee for a wrong by a third party in connection with the bailee, as respects the contract of bailment, proceed on the ground that, when one has been injured by the wrongful act of another to which he has in no way contributed he should be entitled to compensation from the wrongdoer, unless the negligence of some one towards whom he stands in the relation of principal or master has materially contributed to the injury, and that it is of course well settled that the bailor is not the principal or master of the bailee. This latter view, as has been stated before, appears to be gaining ground, and on principle it would seem that only when the contributory negligence with which it is sought to charge a plaintiff is of such a character, and the person guilty of the same is so connected with such plaintiff, that an action might be maintained against him for damages for the consequences of such negligence can it in contemplation of law be justly imputed to him. And as has been seen, such a relation does not exist between the bailor and bailee under the ordinary contract of bailment."

Judge Thompson's view is thus expressed:

"Contrary to earlier conceptions, and subject to the qualification that a few courts prefer to remain unenlightened upon this question, the general doctrine of the courts, both in England and America, is that where A. is charged with the care or custody of the person or property of B., and while this bailment continues B. is injured in his person or property by the negligence of C., it will be no defense on the part of C. that the injury would not have happened but for the negligence of A. In such a case it does not lie in the mouth of C., who has injured B., to set up, as a defense to the action of B., that A. had also been guilty of a violation of his duty towards B., but the case is rather one where an innocent person is injured by the concurring negligence or misconduct of two other persons, in which case, as already seen, he has a right of action against either or both tort-feasors." 1 Thomp. on Negligence, § 499.

In a comprehensive note to Lloyd v. N. P. Ry. Co., 107 Wash. 57, 181 Pac. 29, 6 A. L. R. 307, 316, after reviewing the earlier cases to the contrary, the annotator observes:

"But at this time the weight of authority is decidedly in favor of the rule that in bailments other than for carriage the contributory negligence of the bailee is not imputable to the bailor where the subject of the bailment is damaged by a third person." See Ins. Co. v.

Vicksburg, etc., R. Co., 159 Fed. 676, 86 C. C. A. 544, 17 L. R. A. (N. S.) 925; Currie v. Cons. R. Co., 81 Conn. 383, 71 Atl. 356; Keller v. Shippee, 45 Ill. App. 377; Spelman v. Delano, 177 Mo. App. 28, 163 S. W. 300; New York, etc., R. Co. v. N. J. Electric Co., 60 N. J. Law, 338, 38 Atl. 828, 43 L. R. A. 849; Id., 61 N. J. Law, 287, 41 Atl. 1116, 43 L. R. A. 854; Gibson v. Bessemer, etc., R. Co., 226 Pa. 198, 75 Atl. 194, 27 L. R. A. (N. S.) 689, 18 Ann. Cas. 535; Aldrich v. Boston, etc., R. Co., 91 Vt. 379, 100 Atl. 765; Virginia, R., etc., Co. v. Gorsuch, 120 Va. 655, 91 S. E. 632, Ann. Cas. 1918B, 838; Lloyd v. N. P. Ry. Co., 107 Wash. 57, 181 Pac. 29, 6 A. L. R. 307.

The specific question does not seem to have been fully and clearly decided in Alabama, but the principle upon which the majority view is based has been several times affirmed. In A. G. S. R. R. Co. v. Hanbury, 161 Ala. 373, 49 South. 472, it was said:

"Generally speaking, 'in order that the concurrent negligence of a third person can be interposed to shield another, whose negligence has caused an injury to one who was without fault, the injured person and the one whose negligence contributed to the injury must have sustained such a relation to each other, in respect to the matter then in progress, that in contemplation of law the negligent act of the third person was, upon *the principle of agency or co-operation in common or joint enterprise, the act of the person injured.*'" (Italics supplied.)

And in A. G. S. R. R. Co. v. Clarke, 145 Ala. 459, 465, 39 South. 816, 818, where the defendant railroad company pleaded the contributory negligence of the warehouseman with whom the plaintiff stored the cotton, for the negligent burning of which the defendant was sued, a demurrer to such pleas was held properly sustained on the same grounds here presented, the court saying:

"The doctrine of contributory negligence is based upon the principle that the plaintiff, having been guilty of negligence which proximately contributed to the injury received or the loss sustained, cannot recover because he himself is in part responsible for it, although the defendant may also have been negligent. Without passing upon this general principle, the court holds that in this case the negligence complained of, being something not immediately connected with the bailment, to wit, placing other cotton on the platform, which had no necessary connection with the act of storing the plaintiff's cotton, the plaintiff could not be charged with contributory negligence on that account."

[2] Without further discussion of the authorities, we are satisfied that upon principle, and in harmony with the great weight of judicial opinion, the contributory negligence of a bailee cannot, by reason of that relationship alone, be imputed to his bailor; and that to justify such imputation there must be a relationship of master and servant, or of principal and agent, or such a reservation of direction and control, with re-

spect to the use of the thing bailed at the time and place of its injury, as would in legal contemplation make the negligent act of the bailee also the negligent act of the bailor.

It results that the demurrers to the several pleas of contributory negligence, as framed, were erroneously overruled, and for that error the judgment must be reversed and the cause remanded for another trial. We deem' it unnecessary to consider other questions presented by the assignments, as they may not recur.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.