PERCY L. NORTON, Respondent, v. WALKER D. HINES, Director General of Railroads, and JOHN BARTON PAYNE, Agent, Appellants.

In the Kansas City Court of Appeals, November 6, 1922.

1. **NEGLIGENCE: Husband and Wife: Agency: Husband Held not Responsible for Negligent Act of Wife Where She was not Acting as His Agent and in Furtherance of His Business.** In an action for damages to an automobile struck by a train, unless the wife, operating automobile, was using the same as the agent or servant of her husband, or in furtherance of his business, the husband may not be held responsible for her negligent acts.

2. ———: **Contributory Negligence: Imputable Negligence: Contributory Negligence of Wife in Driving Automobile Struck at Railroad Crossing, Held not Imputable to Husband Because at Time of Collision Wife was not Acting as Agent of Husband or Engaged in His Business.** In an action for damages to an automobile struck at railroad crossing, the negligence of plaintiff's wife, in driving automobile *held* immaterial and insufficient to bar a recovery by plaintiff where it appeared that plaintiff and his wife drove it at will and that she did so without asking permission to do so, and at the time of the collision was going after cherries for an employee of plaintiff, but the trip was not being made for the purpose of conserving the time of the employee for his work, and the wife was not therefore the agent or servant of plaintiff or engaged in plaintiff's business in going for the cherries under the circumstances.

3. ———: ———: ———: **Contributory Negligence of Bailee not Imputable to Bailor Where Relationship of Partnership, Principal and Agent, or Master and Servant, Between Them Does not Exist.** Contributory negligence of bailee may not be imputed to the bailor in a suit by the latter against a third party for injury to his property, if, at the time of injury, the property was being used by the

bailee in a business respecting which the relationship of partner-
ship, principal and agent, or master and servant, between bailor
and bailee, does not exist.

ON REHEARING.

4. **NEGLIGENCE: Pleading: Plea of Contributory Negligence Must be
Specially Pleaded to be Available as a Defense.** A plea of contribu-
tory negligence must be especially made and proved in order to be
available as a defense.

5. ————: ————: **Plea of Contributory Negligence of Wife Imputable
to Husband, Held Insufficient in Failing to Set Forth Facts Which
Would in Law Allow Negligence of Wife to be Imputed to Husband.**
To impute the negligence of wife, it must appear that she was
husband's agent in driving automobile, and defendant to escape
liability on the ground of contributory negligence of wife in driv-
ing automobile at time of collision, should have set up and pleaded
in the answer the facts which would in law allow the negligence
of wife to be imputed to plaintiff, the husband.

Appeal from the Circuit Court of Atchison County.—
*Hon. John M. Dawson,* Judge.

AFFIRMED.

*W. C. Ellison* for respondent.

*J. G. Trimble, H. J. Nelson* and *O. M. Spencer* for
appellant.

ARNOLD, J.—This is an action for damages to an
automobile which was struck by a train at a highway
crossing near Westboro in Atchison County. The said
highway and railroad, at the scene of the accident, cross
at right angles, the highway running east and west and
the railroad north and south. Plaintiff's wife was driv-
ing the automobile westward and the train was coming
from the north.

The railroad runs through plaintiff's farm. The
family residence is on the north side of the public road
and about one-eight of a mile east of the railroad track.
Plaintiff and his-wife had lived on this farm for about

sixteen years and knew the time trains were due. The accident occurred about five or six minutes after eight o'clock a. m. on June 21, 1919.

An employee of plaintiff on the farm resided thereon in a separate house. On that morning and before the accident, he was preparing to plow corn, when plaintiff's wife called to him that some person in Westboro had called over the telephone and stated there were some cherries there for his family. The employee, whose name was Ford, answered that he could not go for them until evening and Mrs. Norton replied that she would go after them for him that morning as Mrs. Ford could take care of them that day. Plaintiff, at that time, was at work in another field and knew nothing of the matter.

Following her conversation with Ford, Mrs. Norton took the automobile and drove south about 100 yards and into the public road, turning west. The testimony tends to show that she could not see the train coming from the north until after she had passed the house, and she could not then see perfectly because of weeds and brush on the inside of the fence on the Norton land on the north side of the highway. These obstructions extended to the railroad right of way.

The testimony shows that at a point about sixty one feet from the track she could have seen an engine 150 feet north of the crossing and at fifty feet from the track, she had an unobstructed view for a distance of 790 feet. Mrs. Norton proceeded west on her way, and when upon the railroad track at the crossing, the automobile was run into by a locomotive attached to a passenger train due at that time, and was thrown a distance of fifty feet onto the side of the said highway and was broken, twisted, crushed and rendered useless and valueless. The value of said automobile is placed at $1200, and judgment is prayed in this amount.

The negligence charged in the amended petition is based on the provisions of section 3140, Revised Statutes 1909 (9943-1919), and reads as follows:

"the defendant and his said employees utterly and negligently failed to discharge their duty in that regard,

and neither the said bell was rung or kept ringing as aforesaid, nor the said whistle sounded or kept sounding, as aforesaid; but on the contrary thereof while said locomotive was approaching said ·crossing· under the care, control, and management of defendant's said employees, they and each of them negligently and carelessly failed either to ring or cause to be rung, or to sound or cause to be sounded any bell or whistle on said locomotive while it was within a distance of eighty rods of said crossing, in consequence of which plaintiff's said wife in said automobile was present at said crossing and said locomotive and train of cars struck and collided with said automobile as aforesaid, and inflicted the wrongs and injuries aforesaid in manner and form aforesaid.''

The amended answer was, first, an admission that defendant Hines was in charge of and operating the said railroad as charged in the petition, followed by a general denial of all other allegations of the ·petition. As further answer, defendants plead contributory negligence of plaintiff's wife. In this state of the pleadings the cause went to trial to a jury. A peremptory instruction asked by defendants was overruled by the court. Verdict was for plaintiff in the sum of $1,000.

A timely motion for a new trial was filed and by the court overruled. Defendant appeals.

For the first assignment of error, defendants· urge that their peremptory instruction in the nature of a general demurrer should have been given, and in support thereof, state that, under the circumstances of this case as shown by the evidence, plaintiff's wife was negligent, and that her negligence is properly chargeable to plaintiff.

This brings us face to face with the one question that is determinative of this appeal, to-wit: Can plaintiff be held chargeable with the negligent act of his wife in operating his motor car, under the facts shown in the record? Defendants tried the case on the theory that plaintiff may not recover if his wife were guilty of con-

tributory negligence. Plaintiff takes the opposite view, and the legal conflict was waged on these lines.

We think the law in this State on the question presented by the record in this case is well settled, to the effect that, unless the wife was using the automobile as the agent or servant of her husband, or in furtherance of plaintiff's business, the husband may not be held responsible for her negligent acts.

There is some testimony of record that the wife was negligent and this was conceded by plaintiff at the trial. But under the theory upon which the case was prosecuted and defended, we hold that the wife's negligence is immaterial. The testimony shows that the automobile was the property of plaintiff; that he and his wife each drove it at will; that she drove the car without asking permission to do so. In other words, that it was a family car.

Defendants argue that on the occasion of the accident, the wife was driving the car in furtherance of plaintiff's business because plaintiff himself was engaged in plowing; it was a busy season of the year and if the employee, Ford, left his work and went to Westboro at that time, it would have interfered with his work on the farm, and that it was, therefore, in plaintiff's interest for the wife to go, and that the wife, therefore, was operating the car in plaintiff's interest.

This argument, apparently presented in all sincerity, is unique but not convincing, in the light of all the facts set out in the record. In the first place, when informed by Mrs. Norton that the cherries were ready for him at Westboro, Ford, told her that he could not go for them "until evening," evidently intending to say that he could not go until his work on the farm for the day was ended. We cannot accept these facts as indicating that in going for the cherries Mrs. Norton was, in any way, conserving the time of Mr. Ford for his work on the farm, for Ford already had said he would not go until his work for the day was over.

Under the facts as presented, we hold against defendant's contention that Mrs. Norton was engaged in

plaintiff's business, or was his agent, or servant, in going for the cherries under these circumstances. It is now a well settled rule in this State that contributory negligence of a bailee may not be imputed to the bailor in a suit by the latter against a third party for injury to his property, if, at the time of the injury, the property was being used by the bailee in a business respecting which the relation of partnership, principal and agent, or master and servant, between bailor and bailee, does not exist. This rule is upheld in Buskie v. Januchowsky, 218 S. W. 696; Bright v. Thatcher, 215 S. W. 788; Hays v. Hogan, 273 Mo. 1, 200 S. W. 286; Bolman v. Bullene (Sup. Ct.), 200 S. W. 1068; Spelman v. Delano, 177 Mo. App. 28. In the Spelman case, this court, in an exhaustive opinion on this question said:

". . . while, at first blush, the rule that contributory negligence of a bailee cannot be imputed to a bailor when suing a third person for injuries to property, may seem unjust; yet, *when the rule is confined to those bailments which do not involve any privity of contract or agency between the bailor and bailee,* it will not appear to be so harsh and unreasonable as might be supposed. And the weight of authority seems now to be in favor of the rule that, in such cases, the negligence of the bailee will not be imputed to the bailor. In 1 Thompson on Neg. (1901), sec. 512, it is said: 'Unless the principles upon which the courts have at last settled have been grossly misconceived, the negligence of a bailee or his servants is not imputable to his bailor, so as to prevent the bailor from recovering damages from a third party for an injury to the property.' "

Also, but from a different angle, the rule applied in the Spelman case is applied in Calhoun v. Mining Co., 202 Mo. 564; Allen v. Coglizer, 208 S. W. 102; Lawler v. Montgomery, 217 S. W. 856. Learned counsel for defendants suggest that this is a case of first impression, not only in this State but also in the United States, so far as they have been able to discover. This observation may be true as applied to the facts presented in the

record, but in the application of the rules of law enunciated in the cases above cited, we see no material difference between those cases and the one at bar.

Defendants direct the major part of their argument toward the rule laid down in the Spelman case, in an able attempt to show, first, that the rule applied therein is erroneous and against public interest and, second, that said rule does not apply in the case at bar. We do not find ourselves convinced on either point that this contention is correct. Holding the views hereinabove expressed, and being supported therein by the cases cited, we hold the trial court was not in error in refusing to give defendants' peremptory instruction.

Defendants' refused instructions B, C, and D, were clearly improper, under the rule above enunciated and under the theory upon which the case was tried. They were based upon defendants' theory that plaintiff was chargeable with the negligence of his wife and that he could not, therefore, recover. This theory is wrong, and the refusal of said instructions was not error.

Finally, objection is urged to plaintiff's instruction No. 1. This instruction properly outlines plaintiff's theory of the case and the law applicable thereto. The verdict and judgment were for the right party and should be affirmed. It is so ordered.

All concur.

## ON REHEARING

ARNOLD, J.—Both parties have submitted briefs on rehearing. Defendants' additional brife is devoted chiefly to an argument that defendants were right in their original contentions, to-wit, that the contributory negligence of the wife should be imputed to the husband by reason of the marital relation. No arguments are advanced, or principles of law enunciated which were not considered by this court on its former review of the case. Defendants repeatedly insist that this is a case of first impression in this State, but in this position, we

cannot agree. We have before us the case of Munger v. City, 66 Mo. App. 629, 632, referring to the contention that the contributory negligence of the husband may be imputed to the wife. The court said:

"There can be no recovery against the party doing the injury unless he has been guilty of culpable negligence. When guilty of negligence, he must respond in damages to the party injured, unless he can excuse himself by showing the contributory negligence of the party injured, or of some other party with whom the injured party is so connected as to be responsible for his acts. Such connection and responsibility do not exist from the mere marital relation."

Plaintiff directs our attention to the fact that contributory negligence is not pleaded in the answer, directed against plaintiff. It is true defendants' answer does not charge, either directly or by inference, that plaintiff was guilty of contributory negligence, but does charge plaintiff's wife with contributory negligence. It is the law that a plea of contributory negligence must be specially made and proved in order to be available as a defense. Defendants insist, in their argument, that if contributory negligence on the part of the wife be shown, it will be imputed to the husband.

Under the law, as interpreted by the appellate courts of this State, we cannot accept this argument as sound. This court said, in Byerly v. Ry. Co., 172 Mo. App. 470, 478: ". . . to impute the negligence of the husband, it must appear that he was her agent in driving the car. And to escape liability on the ground of the husband's imputed negligence, the answer should have set up the facts which would in law allow the negligence of the husband to be imputed to plaintiff. The mere fact that the wife owned the automobile was hardly sufficient to render unnecessary the pleading of the husband's imputed negligence. This was not done nor was contributory negligence on the part of the husband, as a matter of law, shown by the evidence." [See also Bolman v. Bullene, (Mo. Sup.) 200 S. W. 1068; Bright, Admx. v. Thach-

er, 202 Mo. App. 301, 312; Moon v. Transit Co., 237 Mo. 425, 435.] In the last named case, it is said:

"The law in this State is well settled, as well as in many of the others, that the negligence of neither the husband nor that of his servant is imputable to that of the wife. [Shultz v. Railroad, 193 Mass. 1. c. 316.] After an extended review of the authorities in that case, the court concluded with the following language: 'But the great weight of authority is in favor of the proposition that the negligence of a husband is ordinarily not imputed to his wife, in case she is injured by his and another's concurring negligence.'"

Our original opinion in this case closely followed the rulings in Hays v. Hogan, 273 Mo. 1, 200 S. W. 286, wherein the Supreme Court carefully reviewed the authorities covering all the points involved herein. Since we are bound to follow the law as laid down by that court, the judgment herein must be affirmed. It is so ordered.

All concur.