## LEE *v.* LAYTON.

[No. 13,486. Filed August 1, 1929. Rehearing denied October 3, 1929. Transfer denied February 3, 1933.]

*Frank Mellis,* for appellant.

*Wicker & Cayton,* for appellee.

*J. A. VanOsdol, David Watson* and *William P. Evans,* filed brief amici curiae.

PER CURIAM.—Action for damages to appellee's automobile caused by a collision between the automobiles of appellant and appellee.

It is averred in the complaint that appellee was the owner of a Hupmobile sedan that was operated by his wife about six o'clock in the evening of December 16, 1928; that she was making a left hand turn around the semiphore when she first saw a motorcycle without lights, and stopped; that appellant negligently operated an automobile at an unlawful speed of 35 miles an hour without having it under control, and attempted to cut the corner of the intersection to make a left turn north into Meridian street, Indianapolis, without circling

around the center of the intersection, in violation of section 759, par. D, of the municipal code which prohibits left hand turns without circling around the center of the intersection, thereby colliding with appellee's automobile through no fault of his or his wife, and praying for $500 damages.

To the complaint, appellant filed an answer in general denial. There was a trial by jury which resulted in a verdict assessing $250 damages in favor of appellee, and judgment followed.

The error assigned is the court's action in overruling appellant's motion for a new trial, under which the insufficiency of the evidence, excessive damages, and errors in giving instructions tendered by appellee, and in refusing to give instructions tendered by appellant are presented.

The one substantial question which is presented pertains to the alleged errors presented as to the instructions, the question being as to whether the negligence of a wife in operating her husband's automobile will be imputed to him so as to defeat his recovery against negligent third parties for damages to his automobile without showing that the wife was acting as the agent of the husband at the time of the accident. In this case there is no contention that the wife was so acting as agent, and the evidence shows that she was simply the gratuitous bailee of appellee.

That it was held in a majority of the earlier cases that the contributory negligence of the bailee was imputable to the bailor where the subject of the bailment was damaged by a third person is apparent. The following cases so holding serve to illustrate: *Smith* v. *Smith* (1824), 2 Pick. (Mass.) 621, 13 Am. Dec. 464; *Illinois, etc., R. Co.* v. *Sims* (1899), 77 Miss. 325, 27 So. 527, 49 L. R. A. 322; *Puterbaugh* v. *Reasor* (1859), 9 Ohio St. 484; *Forks Township* v. *King* (1876), 84 Pa. 230; *Texas,*

*etc., R. Co.* v. *Tankersley* (1885), 63 Tex. 57; *Duggins* v. *Watson* (1854), 15 Ark. 118, 60 Am. Dec. 560. But the weight of authority in the later cases is decidedly in favor of the rule that the contributory negligence of the bailee is not imputable to the bailor so as to preclude his recovery of damages from a third person for negligently injuring the bailor's property. The following cases so hold: *Alabama, etc., R. Co.* v. *Clarke* (1906), 145 Ala. 459, 39 So. 816; *Bradley* v. *Ashworth* (1924), 211 Ala. 395, 100 So. 663; *Missouri, etc., R. Co.* v. *Boyce* (1925), 168 Ark. 440, 270 S. W. 519; *Currie* v. *Consolidated R. Co.* (1908), 81 Conn. 383, 71 Atl. 356; *Bower* v. *Union, etc., R. Co.* (1920), 106 Kans. 404, 188 Pac. 420; *Guthrie* v. *Missouri, etc., R. Co.* (1925), 279 S. W. 210; *Norton* v. *Hines, Director Gen.* (1922), 211 Mo. App. 438, 245 S. W. 346; *Stoeckle* v. *St. Louis, etc., R. Co.* (1924), 214 Mo. App. 124, 258 S. W. 58; *Cain* v. *Wickens* (1923), 81 N. H. 99, 122 Atl. 800, 30 A. L. R. 1246; *Lloyd* v. *Northern Pac. R. Co.* (1919), 107 Wash. 57, 181 Pac. 29, 6 A. L. R. 307; *Gibson* v. *Bessemer* (1910), 226 Pa. 198, 75 Atl. 194, 27 L. R. A. (N. S.) 689, 18 Ann. Cas. 535; *Aldrich* v. *Boston, etc., R. Co.* (1918), 91 Vt. 379, 100 Atl. 765; *New York, etc., R. Co.* v. *New Jersey, etc., R. Co.* (1897), 60 N. J. L. 338, 38 Atl. 828, 43 L. R. A. 849; *Kellar* v. *Shippee* (1892), 45 Ill. App. 377; *Sea Ins. Co.* v. *Vicksburg, etc., R. Co.* (1908) (C. C. A.), 159 Fed. 676, 17 L. R. A. (N. S.) 925; *Morgan County* v. *Payne, Direc. Gen.* (1921), 207 Ala. 674, 93 So. 628, 30 A. L. R. 1243; *Oster* v. *Chicago, etc., R. Co.* (1923), 256 S. W. 826; *Tobin* v. *Syfrit* (1922), 2 W. W. Har. (Del.) 274, 122 Atl. 244. Numerous other cases might be cited to the same effect, but these are sufficient to show that the weight of authority in the later cases support the rule that the contributory negligence of the bailee is not imputed to the bailor in an action for damages against a

third person, for negligent injury to the bailor's property. In the Bradley, Norton, Stoeckle and Oster cases cited above, the wives of the respective plaintiffs were driving their husband's automobiles as gratuitous bailees, and their contributory negligence was not imputed to their husbands.

Appellant relies upon *Welty* v. *Indianapolis, etc., R. Co.* (1886), 105 Ind. 55, 4 N. E. 410, but that case is not helpful to appellant's contention. There, a borrower of a horse, while drunk, rode on to a railroad track which was not fenced, in violation of the statute, and it was held that while mere contributory negligence would have been no defense, the act of the borrower of the horse, the bailee, was wilful, amounted to a trespass, and that drunkenness would not excuse the borrower who stood in the position of the owner. As it seems to us, the case of *Grand Rapids, etc., R. Co.* v. *Resur* (1917), 186 Ind. 563, 117 N. E. 259, not cited by appellant, comes nearer being an authority in his favor than the Welty case. It was there contended that appellee's bailee was guilty of contributory negligence, and that therefore there could be no recovery, but the supreme court, without discussing the principle of imputed negligence as applied to the wife as the bailee of her husband, simply held that the question of contributory negligence of the bailee was for the jury, and that it had decided against appellant's contention.

Without Indiana authority directly in point, as a ruling precedent, we hold, with the weight of authority, that the contributory negligence of the wife, if any, as a gratuitous bailee, is not imputable to appellee so as to preclude his recovery against appellant for his negligent injury of appellee's automobile. Having reached this conclusion, we hold that the court did not err as to the instructions pertaining to this question.

It was not necessary to prove that the wife was free

from fault, even though the complaint averred that she was free from fault. There was evidence to sustain the jury as to the amount of damages. We deem it unnecessary to consider other instructions, further than to say there was no error therein.

Judgment affirmed.