**Carl JONES, Plaintiff-Appellant,**

**v.**

**Praley TAYLOR, Defendant-Respondent.**

**No. 32196.**

St. Louis Court of Appeals.

Missouri.

March 15, 1966.

Val Terschluse, St. Louis, for plaintiff-appellant.

Norbert M. Reker, St. Louis, for defendant-respondent.

ANDERSON, Judge.

This is an action brought by Carl Jones to recover for damage to his automobile and loss of rental thereon resulting from a collision between said automobile which was being driven by Lester Jones, and a motor vehicle being operated by defendant, Praley Taylor. The case originated in the Magistrate Court where it was tried and a judgment for defendant rendered. Plaintiff appealed to the Circuit Court where a trial was had to the Court on an agreed statement of facts. Said trial resulted in a finding and judgment for defendant. Plaintiff has appealed.

The agreed statement of facts upon which the case was tried is as follows:

"Comes now plaintiff and defendant and by their respective counsel consent and agree that the herein cause of action may be submitted to the Court and tried solely upon the following agreed facts and that judgment may be rendered by this Honorable Court in accordance with the hereafter stipulated facts:

"1. That plaintiff and defendant agree that Carl Jones was the titled owner of a 1961 Chevrolet automobile on August 2, 1963, which was involved in a collision on that day.

"2. Plaintiff and defendant agree that Lester Jones was the driver of that vehicle on the occasion in question and that he is not related to plaintiff, Carl Jones, although having the same surname.

"3. Plaintiff and defendant agree that both driver of plaintiff's vehicle, Lester Jones, and defendant, Praley Taylor, were negligent in the operation of their vehicles on the date and time in question, and that as a direct result of defendant's negligence plaintiff, Carl Jones' automobile aforementioned was damaged in the total sum of $296.15.

"4. Plaintiff and defendant agree that the vehicle owned by plaintiff herein was used as a taxicab under the name of Marcella Cab Company and that plaintiff as the owner of this vehicle has a verbal agreement with the driver, Lester Jones, that on the days that Lester Jones operates said taxicab that he pays to Carl Jones a flat daily fee of $12.00 per day.

"5. Plaintiff and defendant agree that plaintiff's vehicle was laid up for repairs

for ten rental days causing plaintiff to lose $120.00 in rental fees on said vehicle.

"6. Plaintiff and defendant agree that Carl Jones as owner of the vehicle in question pays the sum of $110.00 per month to the Marcella Cab Company, a corporation, for the use of the franchise name of Marcella Cab Company.

"7. Plaintiff and defendant agree that Lester Jones does not retain control of the taxicab during the hours it is not in use as a taxicab.

"8. Plaintiff and defendant agree that, Marcella Cab Company, refers possible drivers to the owner, Carl Jones, to whom Carl Jones may rent a taxicab if he chooses, and that Lester Jones was one of said drivers, but that owner, Carl Jones, decides who shall be the driver of his vehicle, that Carl Jones selected said Lester Jones, and that he, Carl Jones, may terminate at any time the rental agreement of any of his vehicles with any driver operating a taxicab owned by himself including Lester Jones.

"9. Plaintiff and defendant agree that Carl Jones, plaintiff, does not direct or dispatch Lester Jones for the pick up or discharge of any fares and that this is all controlled by and through the Marcella Cab Company. That Lester Jones retains all his own fares and is not required to account to plaintiff, daily, weekly or monthly, for the receipts taken in by him in the operation of said cab except that Lester Jones pays to Carl Jones a flat daily fee of $12.00 per day.

"10. Plaintiff and defendant agree that Carl Jones, plaintiff herein, does not withhold any Social Security or Withholding Taxes from monies earned by Lester Jones, the driver of the vehicle.

"11. Plaintiff and defendant agree that plaintiff, Carl Jones, is listed as the title owner of the automobile in question in the application by Marcella Cab Company filed with the City of St. Louis for the taxicab franchise owned and operated solely by Marcella Cab Company.

"12. Plaintiff and defendant agree that Carl Jones is not an owner of nor in any way controls the operation of the Marcella Cab Company.

"13. Plaintiff and defendant agree that plaintiff greases, oils and repairs his own vehicle, the one in question, and that it is the driver's (Lester Jones', on the day it was being operated by Lester Jones) individual responsibility to furnish his own gas for the operation of the same.

"14. Plaintiff and defendant agree that if the Court finds this case to be a true bailment for hire existing between Carl Jones and his driver, Lester Jones, based on the facts herein stipulated to, then parties hereto agree that a judgment may be entered in favor of the plaintiff and against the defendant for the total sum of $296.15 in damages plus loss of rental in the sum of $120.00 plus the costs of this action.

"15. Plaintiff and defendant agree that if the Court finds the law to be that a bailor for hire is liable to third persons for the actions of the bailee or if the Court fails to find that this is a true bailment for hire existing between Carl Jones and Lester Jones and that the negligence of Lester Jones can be imputed to the plaintiff, Carl Jones, that a judgment be rendered for the defendant against the plaintiff at the plaintiff's costs."

On this appeal, plaintiff contends that the agreed facts show that the relationship between plaintiff and Lester Jones was that of bailor and bailee, and since, under the Missouri Law, the negligence of a bailee cannot be imputed to the bailor, the Court should have found for plaintiff, it being admitted by defendant that he was guilty of negligence which contributed to cause plaintiff's damage. Defendant contends that the agreement between plaintiff and Lester

Jones was not one of bailment, but created the relationship of master and servant; that Lester Jones was acting for his master at the time of the accident; and that he was admittedly guilty of negligence which contributed to cause plaintiff's damage, which negligence should, under the law, bar recovery by plaintiff. Defendant further contends that plaintiff was engaged in business as a common carrier, and that since a common carrier cannot escape liability for the negligent operation of a vehicle used in furtherance of said business by delegating its operation to an independent contractor, the admitted negligence of Lester Jones must be imputed to plaintiff and bar recovery against defendant even though defendant's negligence was a contributing cause of plaintiff's damage.

■ It is the firmly established law of Missouri that negligence of a bailee in handling the subject of the bailment will not be imputed to the bailor so as to bar a recovery by the latter against a third party whose negligence contributes along with that of the bailee to cause loss to the bailor, unless there is in the contract of bailment some element of agency, master and servant or partnership. Spelman v. Delano, 177 Mo.App. 28, 163 S.W. 300; Norton v. Hines, 211 Mo.App. 438, 245 S.W. 346.

■ Whenever personal property or a chattel is hired out for the use of the hirer, and exclusive temporary possession is given the latter for use by him without any control by the owner, a bailment for hire is created. 8 C.J.S. Bailments § 8, p. 349.

■ In the case at bar, the Chevrolet automobile was hired out to Lester Jones with the understanding that he pay to Carl Jones a flat fee of $12.00 per day for its use as a taxicab. Plaintiff retained no control over the vehicle while it was in Lester Jones' possession, the agreed statement reciting that plaintiff did not direct Lester Jones with reference to the pickup or discharge of passengers. It further appears that Lester Jones retained all fares collected

and was not at any time required to account to plaintiff for them. Lester Jones, under the agreement, paid for all gasoline consumed in the operation of the cab. These facts clearly show a bailment for hire, and there is nothing else contained in the agreed statement of facts which points to any relationship other than that of bailor or bailee. The fact that plaintiff could terminate the agreement at will does not alter the case. It was a right retained by the agreement and not inconsistent with the existence of the relationship of bailor and bailee during the time Lester Jones had exclusive possession. Likewise, the fact that Lester Jones had no control over the automobile when not in use by him or that Carl Jones kept the car in repair, oiled and greased it, does not change the character of the relationship that was created when the car was delivered to and in the exclusive possession of Lester Jones.

Nor does the fact that plaintiff paid $110.00 per month to Marcella Cab Company for use of its name on the cab make the agreement of hire anything less than a bailment. The purpose of the payment was no doubt to make the agreement more attractive to Lester Jones in the pursuit of his independent business. It is clear said sum was paid on behalf of Lester Jones to enable him to carry on his independent calling and to facilitate its rental. Carl Jones was not an owner of nor in any way did he control the operation of the Marcella Cab Company. The Marcella Cab Company owned the taxicab franchise, and directed and controlled Lester Jones with reference to picking up and discharging passengers. Carl Jones had no franchise to operate taxicabs in the city, and as heretofore stated did not direct Lester Jones in the operation of his business. If Lester Jones was the agent and servant of anybody, it was Marcella Cab Company and not Carl Jones.

■ While a bailment is frequently incident to the relation of principal and agent, such relation does not exist where the bailor has no control over the bailee, even though

the acts of the bailee benefit the bailor. 2 C.J.S. Agency § 2b. In the case at bar, the contract of bailment had no element of agency. Nor was there any element of partnership shown. A partnership cannot be inferred where it appears that the agreement with reference to the undertaking does not contemplate the sharing of profits derived from the business and the sharing of losses sustained in its operation. See 68 C.J.S. Partnership § 1, p. 398 et seq. Likewise, it cannot be said that the parties were engaged in a joint enterprise. It cannot be held that parties are engaged in a joint enterprise within the meaning of the law of negligence unless there be a community of interest in the purpose of the undertaking, and an equal right to control the means or agencies employed to execute the common purpose. Schwartz v. Johnson, 152 Tenn. 586, 280 S.W. 32, 47 A.L.R. 323. Clearly, there was no element of master and servant revealed by the evidence in this case, as there was no control or right to control the physical conduct of Lester Jones shown. See Sec. 2, Restatement, Agency; Barnes v. Real Silk Hosiery Mills, 341 Mo. 563, 108 S.W.2d 58. Our conclusion is that the weight of the evidence clearly shows a bailment for hire, containing none of the elements that would make plaintiff liable for the negligence of Lester Jones, and for that reason, the latter's negligence should not be imputed to him to defeat recovery against the defendant. Campbell v. Chicago, B. & Q. R. Co., 211 Mo.App. 331, 245 S.W. 58; Spelman v. Delano, 177 Mo. App. 28, 163 S.W. 300; Niedner v. Wabash R. Co., Mo.App., 219 S.W.2d 886; Norton v. Hines, 211 Mo.App. 438, 245 S.W. 346; Morgan County v. Payne, 207 Ala. 674, 93 So. 628, 30 A.L.R. 1243.

■ Defendant's second contention, i. e., that plaintiff was engaged in business as a common carrier and for that reason the negligence of Lester Jones must be imputed to him is without merit. The evidence fails to show that Carl Jones was engaged in business as a common carrier.

The judgment is reversed and the cause is remanded with directions to the trial court to enter judgment against defendant in the sum of $416.15 with interest from the date suit was filed.

WOLFE, P. J., and RUDDY, J., concur.