CARL E. STOECKLE, Respondent, v. ST. LOUIS & HANNIBAL RAILROAD COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals. Opinion Filed January 8, 1924.

1. **NEGLIGENCE: Railroads: Automobiles: Collision: Wife Driving Husband's Automobile: Evidence: Wife Not Agent of Husband.** In an action for damages against a railroad company for the value of an automobile of which plaintiff was the alleged owner and which was demolished in a collision with one of defendant's freight trains while being driven by plaintiff's wife, evidence *held* to show that the trip she was making was made solely for her pleasure or caprice and not as the agent of her husband.

2. ———: ———: ———: ———: ———: **Master and Servant: Relation Not Created by Husband Permitting Wife to Drive Automobile for her Pleasure.** Where plaintiff's automobile while being driven by his wife was demolished in a collision with a freight train and the evidence fails to demonstrate that the wife was about plaintiff's business, the status of master and servant was not shown.

3. ———: ———: ———: ———: ———: **Imputed Negligence: Bailments: Negligence of Bailor Not Imputed to Bailee.** Where an automobile was purchased for family use, and the wife was given permission to use it for her benefit, this was a bailment for the benefit of the bailee, and created the relation of bailor and bailee, and in an action by the husband for damages to the automobile while she driving it for her own pleasure, her contributory negligence may not be imputed to him.

4. ———: ———: ———: ———: ———: **Evidence: Negligence in Switching Cars: Proximate Cause of Injuries.** In an action for damages to plaintiff's automobile caused by a collision between it and defendant's freight train, *held* that the negligence of defendant in switching one of its cars across the crossing as shown by the evidence, thereby causing it to collide with plaintiff's automobile, was the proximate cause of plaintiff's loss.

5. ———: ———: ———: ———: ———: **Contributory Negligence: Bailments: Defenses: Inefficiency of Bailee: Knowledge of Bailor.** Where plaintiff's wife, the driver of an automobile, at the time it was damaged through the negligence of defendant railroad, was in custody thereof by virtue of a loan from her husband, unless he knew that she was a careless, inefficient and unskilled driver, her contributory negligence constituted no defense in an action to recover damages to the automobile.

Appeal from the Hannibal Court of Common Pleas.— *Hon. Charles T. Hays,* Judge.

AFFIRMED.

*Mahan & Mahan, Grover C. Huston,* and *Hostetter & Haley,* for appellant.

*E. H. Pollard, Eby & Hulse, Berryman Henwood,* and *Matson & Cowherd,* for respondent.

(1)  The evidence shows conclusively that appellant was negligent in the management and operation of its train on the day of the collision, and that its negligence was the direct and proximate cause of the collison and injuries to respondent, and that therefore, the trial court committed no error in refusing to give the demurrers to the evidence offered by appellant. (2)  At the time

of the accident, respondent's wife was in the exercise of due care for her own safety and for the safety of her husband's automobile and the trial court was not in error in refusing to declare, as a matter of law, that the respondent was guilty of contributory negligence. Baker v. Railroad, 122 Mo. 533, 26 S. W. 20; Baker v. Railroad, 147 Mo. 140, 48 S. W. 838; Ruenzi v. Payne, 208 Mo. App. 113, 231 S. W. 294; Swigart v. Lusk, 196 Mo. App. 471, 192 S. W. 138; Brown v. C. & A. R. R. Co., 252 S. W. 55; De Rousee v. West et al., 198 Mo. App. 293, 200 S. W. 783; Lamb v. Mo. Pac., 147 Mo. 171, 48 S. W. 659; McDaniel v. Hines, 239 S. W. 471; Reeves v. K. C. St. L. & C. R. R. Co., 251 Mo. 169, 158 S. W. 2; Pope v. Railroad, 242 Mo. 232, 146 S. W. 790; Underwood v. St. L., I. M. & S. R. R. Co., 190 Mo. App. 407, 177 S. W. 724; Donohue v. Railroad, 91 Mo. 357; Weigman v. Railroad, 223 Mo. 699, 123 S. W. 38. (3)   Even though plaintiff's wife were guilty of negligence, any such negligence would not be imputable to her husband so as to prevent him from recovering for his automobile. Hays v. Hogan, 273 Mo. 1, 200 S. W. 286; Mast v. Hirsch, 199 Mo. App. 1, 202 S. W. 275; Busky v. Januchowski, 218 S. W. 696; Bright v. Thatcher, 202 Mo. App. 301, 215 S. W. 788; Holman v. Bullene, 200 S. W. 1068; Allen v. Coglizer, 208 S. W. 102; Spelman v. Delano, 177 Mo. App. 28, 163 S. W. 300; Norton v. Hines, 245 S. W. 346.   (4)   Defendant's instructions Nos. 2, 3, 4, 5 and 6 are clearly bad and were properly refused by the trial court. (5)   The letter from H. M. Modisett, general manager of defendant railroad company, and admitted by appellant's counsel to have so been, was clearly admissible in evidence especially with the limitations placed thereon and opportunity given appellants to instruct thereon by the trial court. (6)   The plaintiff alleges and the evidence shows that the appellant failed to erect and maintain railroad crossing signs at the crossing where the accident occurred as required by section 9944 of Article 2 of Chapter 90 Revised Statutes 1919. Knox v. M. K. & T. Ry. Co. et al., 203 S. W. 225; American Automobile Insurance Co. v. United Railways

Co., 206 S. W. 257, 200 Mo. App. 317; Fusill v. Mo. Pac. Ry., 45 Mo. App. 535; Steigleder v. Lonsdale, et al., 253 S. W. 487.

DAVIS, C.—This is a suit for damages for the value of an automobile, of which plaintiff was the alleged owner, and which was demolished in a collision with one of defendant's freight trains at Silex, Lincoln county. Verdict and judgment for plaintiff for $1300, the value of the automobile, from which defendant appeals.

Defendant makes no point relative to the pleadings. We deem it advisable, however, to point out that the petition charges defendant with negligently backing or pushing a freight car or cars over its switch track to contact with plaintiff's automobile driven by his wife, along the public road; that the defendant negligently failed to give any signal or warning of the approach of said car or cars, negligently failed to keep a lookout, man its train, and negligently failed to have a person in position to discover the automobile to prevent the collision.

The answer contains a general denial; alleges the known inefficiency of plaintiff's wife, the driver; the negligence of his wife in attempting to beat the train over the crossing; in failing to keep a careful lookout; in failing to look and listen for moving trains and stop; in failing to stop after seeing train, and in failing to stop, when by the exercise of ordinary care she could have seen the train; that the negligence of the driver and plaintiff are imputable to each other, and that the damage to the automobile was caused by the driver's negligence, imputable to plaintiff.

The reply is a general denial.

This is a companion case to Lawrence v. Railroad (not yet reported).

About August 1, 1918, plaintiff purchased at Fort Madison, Iowa, a new Buick roadster, costing $1350, for the use of himself and family. On August 4, 1918, Mrs. Lawrence, an aunt of his wife, then residing at Hannibal, Missouri, was visiting at the home of plaintiff and his

wife in Fort Madison. On August 4, 1918, Mrs. Stoeckle and her aunt started on a trip to Hannibal and St. Louis in plaintiff's Buick car, arriving at Hannibal on Sunday, and remaining there at the home of the aunt until August 6th, on which day they set out for St. Louis. The relationship existing between plaintiff and his wife in the use of the car is demonstrated by the following testimony:

"Q. Now, Mr. Stoeckle, I will get you to state what you did with that automobile on or about the 5th day of August, 1918, 4th or 5th day of August? A. Why, I allowed my wife to take it for a pleasure trip to St. Louis. Q. Your wife asked you to use it to drive it down to St. Louis? A. Why, yes. Q. Did she say where she was going? A. They were going to Hannibal and from Hannibal to St. Louis. Q. Who was with your wife at that time? A. Why, her aunt, Mrs. Lawrence. Q. Now, did your wife say they were going to visit any one in St. Louis at that time? A. It was her cousin and Mrs. Lawrence's niece. Q. You permitted your wife to take the car on that day? A. I did. Q. And I will ask you whether or not your wife was performing any duty or errand for you on that day? A. None whatever."

On cross-examination:

"Q. Had you given your wife the car as a present or not? A. No. Q. You bought it for family use? A. For our use, it is our car. Q. For both of you to use? A. Yes, sir. Q. Your family consists of yourself and wife and one child? A. Two children. Q. Either of your children old enough to drive a car? A. No. Q. You had purchased the car for family use, for you and your wife both to use? A. I did. Q. She had the right to drive whenever she wanted to, the same as you did? A. Yes, sir. Q. Like any other article bought with your money for family use, she had the same access to it as you did? A. Yes, sir. Q. She did not have to ask your permission to use the car? A. Not necessarily, no sir. Q. She was welcome to use it whenever she wanted to? A. Yes, sir. Q. On this occasion she and Mrs. Lawrence were coming to Hannibal, Mrs. Lawrence living here at

the time, and from here going on to St. Louis, perhaps to do some shopping and to visit Mrs. Lawrence's cousin; and they took the car for that purpose; while they were down there did they do any shopping for you, Mr. Stoeckle? A. Oh, might have bought me a tie."

Defendant in its statement of fact says: "The plaintiff, Mr. Stoeckle, testified that the automobile was bought and paid for by him and was his car. . . . Mrs. Stoeckle, the wife, also testified in the instant case on this point along the same line as her husband, and stood for the proposition that her husband loaned her the automobile to make the ill-starred trip."

For a more extended statement of fact, we refer to the case of Lawrence v. Railroad, supra. For the purposes of this case, we briefly state that Mrs. Stoeckle, with her aunt, on their return trip from St. Louis, were proceeding west along a road they had never been over before, near Silex. Defendant's railroad tracks run on the east side of Silex in a northernly and southernly direction. Silex is situated in the lowlands. Approaching Silex from the east, the road descends a hill to the lowlands, crossing a bridge over a creek, distant about 317 feet from the place where the railroad switch track crosses the highway leading to Silex. The ladies testified that as they proceeded along the road, their view of the railroad tracks was obscured by trees, brush and weeds along the road, and by elevators, stock pens, and other buildings, and that they did not see or know of the presence of railroad tracks or a train thereon as they came along the road. Later they stated, when near the elevators which abutted the road and the switch track on the east, they saw the track and brought their automobile to a stop. Looking both ways, they saw a box car protruding from the north elevator about half its length, which they saw was stationary. From their position where the Buick stopped, about thirty feet from the switch track, they looked and listened, but did not see or hear a train. Believing it safe to cross, Mrs. Stoeckle started in low, changed the gear to second, and proceeded

214 M. A.—9

across, looking and listening as they went, but looking particularly at the main track, forty-four feet west of the side track, for a train. When the tires of the Buick had gotten over the first rail of side track, the aunt saw the box car within a foot or two of the automobile, screamed, and Mrs. Stoeckle turned the wheels to the south, when the box car pushed the automobile into a building on the south side of road, almost completely demolishing it. The railroad took charge of the wrecked Buick, and sold it for $50.

Defendant contends that it was the duty of plaintiff to convey Mrs. Lawrence, in her status as guest, to her home in Hannibal. If such duty existed, which we do not think is shown under the facts in evidence, that duty was fully performed by Mrs. Stoeckle driving Mrs. Lawrence to her home in Hannibal. On the trip to St. Louis and return, Mrs. Lawrence became an invitee.

Defendant again contends that the wife in driving the Buick to St. Louis and return was the agent of her husband. This because in answer to the question: "While they were down there did they do any shopping for you, Mr. Stoeckle?" He replied: "Oh, might have bought me a tie." We take it that plaintiff would not have sent his wife to St. Louis, a distance of about 300 miles as the records shows, to buy him a tie. He may have asked her while there to buy him a tie or she may have bought it to present to him. But we do not think he sent her that distance for that purpose or that she was about his business. The record shows the trip was made solely for her pleasure or caprice.

Having disposed of the above contentions, this brings us to the more important question as to whether the contributory negligence of the wife may be imputed to the husband. In the use of the automobile by the wife on this occasion, we think the relationship that of bailor and bailee. In Hays v. Hogan, 273 Mo. 1, 200 S. W. 286, the court attains the result there reached by citing cases, which hold that even though the car was purchased for family use, yet the wife was not the husband's agent while

utilizing his property for her pleasure and recreation. Nor do we think the status of master and servant is shown, for in driving to St. Louis and return the record fails to demonstrate that the wife. was about plaintiff's business. We know of no case, under the common law, which holds that the relationship of husband and wife is that of a partnership, and even so, to hold the partnership, the offending partner must have been acting within the scope of the partnership business.

This brings us directly to the question of imputing the contributory negligence. of the bailee to the bailor. Taking the view of the law we do, we do not pass upon the question of the wife's negligence. Irrespective of whether she was negligent, we think her want of care may not be imputed to plaintiff.

Whatever the rule of law may have formerly been, the weight of authority at present relative to bailments, exclusive of carriers, seems to be that the contributory negligence of the bailee, in actions by the bailor for damages to his property, may not be imputed to him. [Sea Ins. Co. v. Railroad, 159 Fed. 676; 86 C. C. A. 544; 17 L. R. A. (U. S.) 925; Alabama G. S. R. Co. v. Clarke, 145 Ala. 459, 39 So. 816; Currie v. Consolidated R. Co., 81 Conn. 383, 71 Atl. 356; Kellar v. Shippee, 45 Ill. App. 377; New York L. E. & W. R. Co. v. New Jersey Elec. Co., 60 N. J. L. 338, 38 Atl. 828, 43 L. R. A. 849, affirmed in opinion below; 61 N. J. L. 287, 41 Atl. 1116, 43 L. R. A. 854; Gibson v. Bessemer & L. E. R. Co., 226 Pa. 198, 27 L. R. A. U. S. 689, 75 Atl. 194; Aldrich v. Railroad, 91 Vt. 379, 100 Atl. 765; Lloyd v. Railroad (Wash.), 181 Pac. 29, 6 A. L. R. 307, 316 Note.]

While our Supreme Court has never passed on this question so far as we know, the Kansas City Court of Appeals, in Spelman v. Delano, 177 Mo. App. 28, 163 S. W. 300, in an exhaustive opinion has ruled that, in a suit by a bailor for damage to his property, the contributory negligence of the bailee may not be imputed.

The rule is again stated in Norton v. Hines, 245 S. W. 346. We quote the pertinent facts: "An employee of

plaintiff on the farm resided thereon in a separate house. On that morning and before the accident, he was preparing to plow corn, when plaintiff's wife called to him that some person in Westboro had called over the telephone and stated that there were some cherries there for his family. The employee, whose name was Ford, answered that he could not go for them until evening, and Mrs. Norton replied that she would go after them for him that morning, as Mrs. Ford could take care of them that day. Plaintiff at that time was at work in another field and knew nothing of the matter. . . . The automobile was the property of plaintiff; he and his wife each drove it at will; she drove the car without asking permission to do so; in other words it was a family car.'' A train of defendant hit and damaged the automobile. It was conceded that there was evidence of the wife's negligence. *Held*, that her negligence was not imputable to her husband.

In numerous cases in this State it has been held that, in an action for personal injuries by the wife, any negligence of the husband, as driver of the vehicle, may not be imputed to the wife. [Ross v. Wells, 253 S. W. 28, and cases cited.]

The law-writers classify bailments as for the benefit of the bailor, benefit of the bailee, and for their mutual benefit. This was the plaintiff's car, and while he bought it for family use, the permission given the wife to use it was for her benefit. Legally he could refuse his wife the use of it. She was not the owner and could not have deprived him of his rights in it or prevented his using it. Had she disposed of it without his consent, he could have regained it. She had no present interest in it. Such marital rights as she possessed were inchoate, and had he disposed of it, she could not legally complain. His right to recall the loan of it to her was absolute. We then conclude that this was a bailment for the benefit of the bailee, and that even though the automobile was purchased for family use and the wife was given permission to use it,

the bailment of a chattel by a husband to a wife cannot be distinguished from an ordinary bailment in legal effect.

It has been suggested that the bailor, in an action for damages to the chattel, having put it in the power of the bailee to become negligent, ought to be charged with such negligence. Except in cases of the known inefficiency of the bailee, the bailor can assume that the bailee, in his use of the bailment, will conduct himself carefully and prudently. The bailor could not be deprived of his title in or the use of the chattel against his consent. Nor would a purchaser of the bailee be permitted to say, by loaning the bailee the use of the chattel, you gave him the *indicia* of title and put it in his power to act to my injury, and, therefore, are responsible. *A fortiori,* the bailee may not deprive the bailor of his property or its use by negligence. To impute the negligence of the bailee to the bailor would be so holding. We conclude that the negligence of the defendant, which is not contested, and concerning which we think there is abundant evidence, was the proximate cause of the plaintiff's loss. We hold that, in an action for damages to the bailor's property, the negligence of the bailee may not be imputed to him, unless there exists some element of master and servant, principal and agent, or partnership.

What we have heretofore said disposes of the assignments of error relative to plaintiff's instruction No. 1, and defendant's instructions, Nos. 2, 3, 4, 5 and 6.

Defendant complains of plaintiff's instruction No. 4, to the effect that, if Mrs. Stoeckle was in custody of her husband's automobile by virtue of a loan, then unless the jury find that Mrs. Stoeckle was a careless, inefficient and unskilled driver, and plaintiff knew of said fact, her contributory negligence constited no defense. We think this instruction follows the law.

Defendant's last assignment is the admission of a letter written by H. M. Modisett. This letter is headed, "St. Louis & Hannibal Railroad Company, Office of the General Manager, Hannibal, Mo., Nov. 8, 1919, and signed H. M. Modisett, General Manager." The court advised the

jury to consider the letter only as bearing on the measure of damages and warned defendant, if so advised, an instruction covering the matter would be proper. Defendant contends that the jury obtained the impression that the writer of the letter was confessing liability of the defendant. We do not think so. The court covered the extent of its admissibility in his statement to the jury, and defendant was offered the opportunity to limit its scope by an instruction. Then too, the writer of the letter was acting as the general manager, or *alter ego* of the defendant in furtherance of its business.

The Commissioner recommends the affirmance of the judgment.

PER CURIAM:—The foregoing opinion of DAVIS, C., is adopted as the opinion of the court. The judgment of the Hannibal Court of Common Pleas is accordingly affirmed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.