Emma SHERWOOD, Administratrix of the Estate of Morris Sherwood, Deceased, Respondent,

v.

John ARNDT, Jr., and Henry Muglach, Appellants.

Harold SHERWOOD, Respondent,

v.

John ARNDT, Jr., and Henry Muglach, Appellants.

No. 46974.

Supreme Court of Missouri,

Division No. 2.

March 14, 1960.

Rufus Burrus, Independence, for appellant Henry Muglach.

Joseph K. Owens, Kansas City, for appellant John Arndt, Jr.

Ross Lillard, Kansas City, for respondent Emma Sherwood, administratrix. Hogsett,

Houts, James, Randall & Hogsett, Kansas City, of counsel.

John McFadden, Kansas City, for respondent Harold Sherwood.

BOHLING, Commissioner.

This is a consolidated action involving a collision between automobiles. Harold Sherwood first sued John Arndt, Jr., for personal injuries sustained in the collision. That case went to trial in March, 1950, and was voluntarily dismissed following the testimony of witness Henry Muglach. Harold filed a second action naming Arndt and Henry and Laura Muglach, Arndt's stepfather and mother, as defendants, and asked $25,000 damages. Emma Sherwood, as administratrix of Morris Sherwood, deceased, was substituted as party plaintiff for Morris Sherwood, who died intestate, in an action against John Arndt, Jr. and Henry Muglach for $1,100 damages to an automobile owned by her husband. The two cases were consolidated for trial, and were tried in February, 1958. The collision occurred in 1947. It was stated the delay in the trial was occasioned by the illness of an attorney for plaintiffs. Harold Sherwood dismissed as to defendant Laura Muglach at the close of plaintiffs' case. Defendants offered no witness. The jury returned a verdict for defendants in each case. Thereafter, the court sustained the separate motions of the plaintiffs for a new trial on the ground error had been committed in receiving certain evidence and permitting certain argument involving insurance on the Sherwood automobile. Defendants appeal.

The collision involved occurred about 11:00 p. m., June 21, 1947. Harold Sherwood, southbound on Blue Ridge Road, Jackson County, Missouri, in his father's 1941 Mercury coupe, came upon Kenneth Myler's 1936 Ford sedan, which was unlighted and parked in the southbound traffic lane. He was unable to pass the Ford because Myler ran into the east lane of the road, and the Mercury ran into the

back of the Ford. This collision was light. No one was injured. The damage to the Mercury, its front, was estimated at $40 to $45. The battery cable of the Mercury had been jarred loose. Alfred and William Mersman arrived at the scene. The battery cable was replaced and the lights of the Mercury turned on. Alfred Mersman placed his car on the east shoulder of the road so its headlights shined on the two stopped cars and William Mersman went about 300 feet to the north to flag southbound traffic with a flashlight. Harold placed most of his body in his Mercury from its west side to look for a cigarette lighter and adjust a car seat. About that time the flagman was using his flashlight to flag a southbound 1940 Mercury coupe driven by defendant Arndt at a speed of 60 to 65 miles an hour. Arndt caused the flagman to jump into the ditch to avoid being hit, never slackened speed, and, while the east lane of the road was clear for passing, his car struck the back of the Sherwood car, knocking it across the road and into a concrete post. Harold Sherwood was severely injured and the Sherwood car was damaged, its front being demolished. Defendant Muglach, Arndt's stepfather, was following Arndt, and driving a truck in which garbage was to be hauled. Muglach placed Arndt in his truck and soon left the scene.

Defendant Henry Muglach contends the court erred in failing to sustain his motion for a directed verdict at the close of the evidence. Plaintiffs say they made a case for the jury on the theory that defendant Arndt was the agent of defendant Muglach. Plaintiffs rely upon statements against interest by Muglach at the scene and at a former trial. Harold Sherwood first sued Arndt but that case was dismissed following the testimony of witness Henry Muglach and refiled, as detailed in the first paragraph of this opinion.

Plaintiffs rely upon the following statements made by Henry Muglach, quoting their brief: "One witness testified Henry Muglach said he wanted Arndt to go help

get garbage. The plaintiff Harold Sherwood testified that Henry Muglach testified in a prior trial that he was Arndt's stepfather, and lived with Arndt, that he, Henry Muglach, was going out to a country club to pick up some garbage for his hogs for feed, that he, Henry Muglach, was following Arndt out to the golf course to pick up garbage, and was going with Arndt to pick up garbage, that Arndt was more or less working for him that evening, and he had asked Arndt to go with him to pick up the garbage. John McFadden testified that Henry Muglach testified at the prior trial that the only reason Arndt was out that night was to go with Henry Muglach to help Muglach load garbage at Oakwood Country Club at Muglach's specific request and direction, which garbage would be used for feeding Muglach's hogs."

Defendant Arndt was called as a witness by plaintiffs. He was 22 years old at the time of the accident and was living at his mother's home. She had married Mr. Muglach. Arndt had been working for the Marley Company for about four years, assembling fans for cooling towers, and had put in eight hours' work there the day of the accident. At the time of the accident he was driving his 1940 Mercury coupe.

The foregoing evidence is not in question and a question of law is presented whether it is sufficient to invoke the doctrine of respondeat superior. Beckwith v. Standard Oil Co., Mo., 281 S.W.2d 852, 855.

■ The area and the time for the performance of the services by Arndt for Muglach was while they were at the Oakwood Country Club. Arndt was not a general employee of Muglach. He was not on a mission to go to the country club and return with the garbage for Muglach. The garbage was to be loaded in the truck driven by Muglach and hauled in it to its destination. Arndt was driving his own automobile to the place of per-

formance when the collision occurred. There is no testimony in this record that Muglach controlled or had the right of control over Arndt's operation of the Arndt automobile.

In Beckwith v. Standard Oil Co., supra, defendant Standard Oil Company furnished Gooding, one of its salesmen, a car for use in his work. He had attended a dinner in honor of an employee of the company and met, when about to return home, another employee, a friend, who had not attended the dinner, and agreed to take him home, three or four miles out of Gooding's way home. While on this deviation there was a collision between the Gooding and Beckwith automobiles, and Beckwith joined the Standard Oil Company as a party defendant in his action for damages. We held Gooding's act was not committed in the prosecution of the business of his employer, stating, in reasoning the issue (loc. cit. 855): "The general rule is that an employee is not engaged in work for his master when he uses an automobile belonging to the master in going to and from his place of work. Halsey v. Metz, Mo.App., 93 S.W.2d 41 [1]." And: "In cases of this nature, it is likely that too much significance is attached to the fact that the employer owns the vehicle involved. If the car, in the instant case, had belonged to Gooding we doubt if any serious contention would have been made that Standard Oil Company was liable to plaintiff."

In Stokes v. Four-State Broadcasters, Inc., Mo., 300 S.W.2d 426, plaintiff was injured by an automobile owned and driven by respondent's employee Londo who was on his way to work after stopping at respondent's studio to pick up the program scheduled for the next day. In affirming the trial court's directed verdict for the corporate defendant, we said (429 [5]): "In reaching the foregoing conclusion we have considered the casual and incidental nature of the service Londo was performing in its relation to the failure of plain-

tiff to show that respondent was exercising any control or had any right to control the physical movements of Londo at the time of this occurrence, which omission we consider decisive of the issue before us." See the authorities there cited, and, among others, Dickson v. Beemer, Mo., 217 S.W.2d 515 [1, 2]; Smith v. Fine, 351 Mo. 1179, 175 S.W.2d 761 [9]; Curtis v. Juengel, Mo.App., 297 S.W.2d 598; 60 C.J.S. Motor Vehicles § 453c, p. 1164, note 62; 5A Am.Jur., Automobiles, § 653, p. 661, n. 10; Annotation, 52 A.L.R.2d 287, §§ 8, 9; Restatement, Agency 2d, § 233, Illustration 3.

Plaintiffs' cases are distinguishable. In Catanzaro v. McKay, Mo., 277 S.W.2d 566, 571, a son was using his father's automobile on a mission to secure and return with cement for a sidewalk at the home. In Foster v. Campbell, 355 Mo. 349, 196 S.W.2d 147, 149, a farm wife was driving the husband's pickup truck to market her poultry products and return with a fifty-five gallon drum of gasoline for use in his farm tractor and the collision occurred on her return trip. In the foregoing cases and Murphy v. Loeffler, 327 Mo. 1244, 39 S.W.2d 550 [1], and Malone v. Small, Mo.App., 291 S.W. 163 [6], there was testimony that the operator of the automobile was using it on a mission for the owner, and the facts were considered sufficient for submission of the owner's liability to the jury.

The foregoing disposes of the liability of defendant Henry Muglach. However, defendants filed a joint brief and we continue to use the plural in discussing the issues they present.

During the cross-examination of witness Patrick M. Wheeler, a witness on the damage to the Sherwood automobile, Mr. Owens, attorney for Arndt, attempted to show that the witness did considerable work for insurance companies. Mr. Owens then announced he wanted to put Mr. Lillard, attorney for Mrs. Sherwood, on the stand. Mr. Lillard had no objection to being sworn.

After stating his name and that he was an attorney in the case, he was asked "Now, the amount that has been paid—the amount of the loss in this case has been paid by an insurance company?" Mr. McFadden, attorney for Harold Sherwood, objected on the ground the evidence was immaterial and injected a foreign issue into the case. The objection was sustained. Mr. Owens stated he had the right to show the real party in interest. Upon Mr. McFadden stating "This, of course, has no bearing on the issues of my client," the court stated: "I am going to instruct the jury that the testimony just adduced by Mr. Owens from this witness, Mr. Lillard, is not to be taken as evidence against the plaintiff Mr. Sherwood in the other suit." The court asked: "Is the real party in interest an insurance company in this case? Is there subrogation? A. Yes, sir." Further questioning developed that the insurer was the Firemen's Insurance Company of New Jersey. This was followed by a question to the effect whether any judgment rendered in the Emma Sherwood case would go to that company. Mr. Lillard objected to the question as having absolutely no bearing on the case. Upon the objection being overruled, he answered: "Yes."

Mr. Owens in his argument stated you will recall the testimony "which indicated that what damage there was to this car would be paid to the insurance company."

The court granted plaintiffs a new trial on the ground of error in permitting the questions and comment in argument of the interest of the insurer of the Sherwood automobile.

No issue was presented in the pleadings or by motion of the capacity of plaintiff Emma Sherwood, as administratrix, to sue, and it appears that any issue with respect to subrogation rights of an insurer was waived and was not an issue in the case. Supreme Court Rule 3.06, 42 V.A.M.S.; Sections 507.050, 509.340, 509.400, RSMo 1949, V.A.M.S.; Hornig v. Jones, Mo.App., 269 S.W. 399 [1, 2]; Hendon v. Kurn, 351 Mo. 980,

174 S.W.2d 806 [3–5]; 1 Houts, Missouri Pl. and Pr., § 101, p. 158, nn. 85, 86.

■ It is generally considered prejudicial in an action of this nature for a plaintiff to adduce evidence that the defendant may not have to pay a judgment against him but that an insurance company ultimately will have the burden of payment. Whitman v. Carver, 337 Mo. 1247, 88 S.W.2d 885, 889; Allen v. Wilkerson, Mo.App., 87 S.W.2d 1056, 1064; Murphy v. Graves, Mo., 294 S.W.2d 29, 32 [2, 3], and cases cited. The following is quoted with approval in Rytersky v. O'Brine, 335 Mo. 22, 70 S.W.2d 538, 540: " 'To instill into the jurors' minds the idea that the defendant is not really interested in the outcome of the case, because whatever may be the result some one else will have to bear the loss, is very reprehensible, and, where it appears that such has been the adroit purpose and result, such conduct will meet with the punishment of a reversal.' "

The trial court considered like evidence and argument in this case had a like effect on the claims of the plaintiffs.

It is stated in Matthews v. Missouri Pac. R. Co., 142 Mo. 645, 659, 44 S.W. 802, 805 (4) : "The insurance money in this case was not paid in satisfaction, in whole or in part, of defendant's liability. Defendant is liable for its wrongful act, and has no concern whether the damages are paid to plaintiff or to the insurance company. That question is between the parties to the contract of insurance, and is not in issue in this case." Consult Sexton v. Anderson Electric Car Co., Mo.App., 234 S.W. 358 [2]; 6 Blashfield, Automobile Law, Perm.Ed., § 3424, citing, among others, Barr v. Searcy, 280 Ky. 535, 133 S.W.2d 714, 715 [3].

The plaintiffs interposed objections to the testimony. With respect to the sufficiency of objections where the trial court grants a new trial on a ground assigned in the motion, we said in Phillips v. Vrooman, Mo., 251 S.W.2d 626, 632 [4] : "Failure to make either a sufficient or a timely

objection does not prevent a trial court from sustaining a new trial motion for any trial error called to the court's attention in such motion; and where, as here, an appellate court sustains the new trial order on the ground specified by the trial court, the absence of sufficient and timely objection is not fatal."

The evidence was that Harold Sherwood was a bailee of his father's automobile; that he was on no mission or business of his father, and any contributory negligence on his part was not imputable to his father. McCloud v. Saling, Mo.App., 259 S.W.2d 699 [1, 2]; Stoeckle v. St. Louis & H. R. Co., 214 Mo.App. 124, 258 S.W. 58 [2, 3, 5].

Any liability of defendants was primarily to the plaintiffs. A final judgment in the case will protect defendants against additional claims based on the rights of plaintiffs. Plaintiff Emma Sherwood will hold any proceeds of a judgment impressed with a trust in favor of the owner of the beneficial interests. Baker v. Fortney, Mo.App., 299 S.W.2d 563, 566 [5].

The questioned evidence was not adduced to show the bias and prejudice of a witness that the jury might properly evaluate his testimony as in Houfburg v. Kansas City Stock Yards Co., Mo., 283 S.W.2d 539 [18–24], stressed by defendants.

■ The court considered the evidence and argument that any judgment in favor of Emma Sherwood would be paid to the insurer of the Sherwood automobile was on a foreign issue, had no bearing on the merits and was prejudicial to plaintiffs. Defendants' authorities do not establish that the court erred and we approve the ruling.

It is not necessary to develop plaintiffs' contention that giving two of defendants' requested instructions was error.

The order granting plaintiffs a new trial as to defendant John Arndt, Jr., is affirmed. The order granting a new trial as to de-

fendant Henry Muglach is set aside and the cause is remanded with directions to enter judgment in his favor.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opionon of the court.

LEEDY, P. J., EAGER and STORCK-MAN, JJ., and HUNTER, Special Judge, concur.