**Robert L. SONDERGARD and Rita A. Sondergard, Plaintiffs/Respondents,**

v.

**KANSAS CITY POWER & LIGHT COMPANY, Defendant–Appellant.**

**No. WD 44046.**

Missouri Court of Appeals, Western District.

Jan. 7, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied April 21, 1992.

---

Derek E. Wood, Kansas City, for defendant/appellant.

Steven L. Hobson and H. William McIntosh, Stites, McIntosh & Knepper, Kansas City, for plaintiffs/respondents.

Before LOWENSTEIN, C.J., and TURNAGE and FENNER, JJ.

TURNAGE, Judge.

Robert L. Sondergard and Rita A. Sondergard filed suit against Kansas City Power & Light Company (KCPL) for injuries sustained by them when their automobile was struck by another automobile which had swerved to avoid a pole belonging to KCPL which obstructed much of the traveled portion of the street. The jury returned a verdict in favor of KCPL but the court granted the Sondergards a new trial. KCPL contends the court granted a new trial on a discretionary ground which was not timely raised and for erroneously admitting evidence which was in fact proper. Reversed and remanded.

On March 18, 1986, a school bus collided with and shattered a wooden utility pole owned by KCPL and located at the northeast corner of East 17th Street and Topping in Kansas City. The pole, called a stub pole, originally provided lateral support to another pole. Because of a change in line construction the support of the stub pole was no longer needed and it did not need to be replaced.

A crew from KCPL went to the scene and removed a section of the damaged pole from the ground. A part of the damaged pole was left in a grassy area at the northeast corner of East 17th and Topping and about 14 feet north and parallel to the north curbline of East 17th Street. The pole was wedged with four rocks to keep it from rolling, although the ground was flat where it was lying. The section of the pole left near the street was 21 feet in length and weighed about 543 pounds.

On March 25, 1986, the Sondergards left home and traveled down East 17th Street to play bingo. About 9:00 p.m. that evening Officer Foster of the Kansas City Police Department drove his car eastbound on East 17th Street through the Topping intersection and noticed no obstruction in the street. About five to ten minutes later Officer Foster traveled East 17th Street in a westbound direction. At the same time, the Sondergards were eastbound on East 17th Street en route home. On approaching the intersection with Topping, Officer Foster noticed an object in the roadway located perpendicularly to the curb which obstructed most of the traveled portion of East 17th Street. When Officer Foster saw the obstruction, he swerved into the eastbound lane and in so doing collided with the Sondergard automobile.

It was discovered after the accident that the obstruction in the street was the pole left in that area by KCPL.

The jury returned a verdict in favor of KCPL and the Sondergards sought a new trial on the ground that the court had erred in admitting over their objection "evidence concerning the non-occurrence of accidents involving cars striking utility poles lying in streets." The motion did not request a new trial on the ground that the verdict was against the weight of the evidence.

More than 30 days after the court had entered judgment on the verdict, the court entered an order granting the Sondergards a new trial because of error "in admitting the testimony of witnesses Osborn and Meyer as to the lack or absence of prior non-occurrences or accidents." The court also granted a new trial on the ground that the verdict was against the weight of the evidence.

■■■ KCPL first contends that the court was without jurisdiction to grant a new trial on the discretionary ground that the verdict was against the weight of the evidence when the motion for new trial did not contain any allegations to that effect and the new trial was granted more than 30 days after the court had entered judgment on the verdict.

In *Stretch v. State Farm Mut. Auto. Ins. Co.*, 645 S.W.2d 729, 731[1] (Mo.App. 1983), the court confronted an identical situation to that presented here. The trial court there had granted a new trial more than 30 days after entry of judgment on the ground that the verdict was against the weight of the evidence when that ground was not alleged in the motion for new trial. The court, citing Rule 75.01, held that the jurisdiction of the trial court to order a new trial on its own initiative is limited to a period of 30 days after the entry of judgment. The court held that the filing of a motion for new trial extends the jurisdiction of the trial court for a period of 90 days after the filing of the motion, but this extension applies only to matters and issues properly raised and preserved in the motion for new trial. The court concluded

that the order granting a new trial entered more than 30 days after the entry of judgment for reasons not stated in the motion for new trial was beyond the court's jurisdiction and was void.

*Stretch* states the law applicable to the situation presented here. The motion for new trial did not request a new trial on the ground that the verdict was against the weight of the evidence. Rule 75.01 grants the trial court control over its judgments for 30 days after entry of judgment. The rule states that the court may order a new trial on its own initiative no later than 30 days after entry of judgment. The court acts on its own initiative when it grants a new trial for any cause not alleged in the motion for new trial. Thus, the jurisdiction of the trial court to order a new trial on any ground not mentioned in the motion for new trial is limited to the 30 day period after the entry of judgment.

The Sondergards recognize the authority of *Stretch* and the limitation placed on the trial court by Rule 75.01 but rely on cases decided prior to the adoption by the Supreme Court of the Rules of Civil Procedure. Those cases have no application to situations governed by the rules.

It follows that the court had no jurisdiction to grant a new trial more than 30 days after the entry of judgment on the ground that the verdict was against the weight of the evidence.[1]

■■ The court also granted a new trial for error in admitting the testimony of witnesses Osborn and Meyer as to the fact that there had been no previous automobile accidents involving a KCPL pole lying in the street.

The testimony of Meyer, a Field Construction Supervisor with KCPL, was as follows:

Q. Mr. Meyer, are you aware of any instance at any time before March 25, 1986 in which a utility pole owned by Kansas City Power & Light Company

1. The Sondergards also make some argument that a trial court can grant a new trial more than 30 days after judgment on grounds not stated in the motion for new trial under Rule

78.08. That rule pertains to plain error. Suffice it to say the trial court did not act on a finding of plain error.

and left at the scene of a work site was later moved into the street and caused an automobile accident?

A. I'm not aware of any incidents prior to this.

There was no objection to the question and answer. Sometime later KCPL employee John Osborn was asked the following questions:

Q. Mr. Osborn, I would assume in twenty-seven years you've done an operation at a lot of places the same as you did at 17th & Topping?

A. Several.

Q. Have you in all those years ever known someone to have been hit in an automobile accident as a result of a pole being rolled out into the street?

There was an objection to the last question on the ground that it was not relevant to the issue in the lawsuit. The objection was overruled and the witness replied that he had not known anybody to be hit by a pole which had been left on a street.

The above was the only evidence adduced by Meyer and Osborn bearing on the fact that there had not been any previous accidents involving KCPL poles lying in the street. It is apparent that the evidence of the non-occurrence of previous accidents was first admitted without objection. The rule governing that situation was stated in *Powell v. Hickman,* 793 S.W.2d 885 (Mo. App.1990), "[i]t is held that a party to an action will not be heard to complain of the admission of testimony over his objection, where testimony of the same tenor has been admitted without objection." *Id.* at 893, citing *Sullivan v. Union Electric Light & Power,* 56 S.W.2d 97, 104 (Mo. 1932). That rule is well-established in this state. *Marshall v. Bobbitt,* 482 S.W.2d 439, 444 (Mo.1972); cases cited in *State ex rel. State Highway Commission v. Warner,* 361 S.W.2d 159, 164 n. 3 (Mo.App. 1962); *Castle v. Modern Farm Equipment Co.,* 729 S.W.2d 650, 652[1, 2] (Mo.App. 1987).

Here, KCPL introduced without objection evidence that there had been no previous accidents involving their poles lying in the street. Thus, when evidence of the same tenor was presented from witness Osborn, the Sondergards waived any complaints about such evidence on that issue.

The court was without authority to grant the new trial on the ground that the verdict was against the weight of the evidence. The court did not err in admitting evidence of the non-occurrence of accidents involving poles lying in the street when evidence of the same tenor had been admitted without objection. The order granting a new trial is reversed and this cause is remanded with directions to enter judgment in favor of KCPL on the jury verdict.

All concur.

## ON MOTION FOR REHEARING OR TRANSFER

**PER CURIAM.**

The Sondergards have filed a motion for rehearing or transfer in which it is contended that the opinion holds that the court erred in granting a new trial because Sondergard failed to object to the non-occurrence evidence. They rely on *Sherwood v. Arndt,* 332 S.W.2d 891, 895[2] (Mo.1960), and numerous other cases for the proposition that the trial court may grant a new trial for trial error even if no objection were made during the trial if the error is pointed out in the motion for new trial.

This is a misreading of the opinion. The opinion holds that the court did not commit error in admitting evidence of the non-occurrence of accidents when evidence of the same tenor had been admitted without objection.

*Sherwood* applies only if the court commits error. It has no application if it is found that no error was committed. Since no error was found, the rule in *Sherwood* has no application.

The opinion is not contrary to *Sherwood* or similar cases. The motion for rehearing is overruled and the motion to transfer is denied.