STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Appellant,

v.

Mike A. CHRISTIE, et al., Exceptions of Dean–Co Farms, Inc., Respondent.

No. WD 46507.

Missouri Court of Appeals, Western District.

May 4, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 29, 1993.

William D. Farrar, Asst. Counsel, Kansas City, Judy L. Curran, Dist. Counsel and Rich Tiemeyer, Chief Counsel, Jefferson City, for appellant.

Elvin S. Douglas, Jr., Crouch, Spangler & Douglas, Harrisonville, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

The Missouri Highway and Transportation Commission filed a condemnation suit to take a strip of ground from Dean–Co Farms, Inc. for the widening of Route 58. The jury returned a verdict assessing Dean–Co's damages at $5,000.00 and Dean–Co filed a motion for a new trial. The court sustained the motion for new trial and MHTC appealed. MHTC contends the trial court was without power to grant a new trial because it did so on a ground not mentioned in the motion for new trial. Reversed and remanded.

The only witness for MHTC at trial was John Martin, who qualified as an expert witness on land value. Martin testified to before and after values of the property and stated the net damage was $5,000.00. Dean–Co showed Martin several sheets of paper identified as Exhibit 10. All of the pages were plain paper without any identification as to the author. The pertinent parts of Exhibit 10 were the first two pages. The first page contained a description of the subject property and the rights to be acquired together with a discussion of the value of the property. The second page contained before and after values and showed a total damage of $8,250.00. That sheet also showed an allocation of the $8,250.00 in damages between the permanent right-of-way and the permanent easement which were being acquired. Attached to the first two sheets were several sheets headed "index sale" which described property which had been sold and the sale price. The sheets showing the sale of other properties were signed by John Martin under a verification that he had verified the sale price. These sheets did not make any reference to the Dean–Co land or the condemnation.

On cross-examination of Martin, Dean–Co inquired if Martin had previously seen Exhibit 10 and Martin said he had not. Martin stated that he knew that Exhibit 10 was prepared by the Highway Department but that he was not familiar with it. Dean–Co offered Exhibit 10 into evidence but the court sustained an objection by MHTC that the exhibit was hearsay and a proper foundation had not been established.

Dean–Co called Beral Dean who stated that Dean–Co was a family corporation owned by himself, his wife and children. Dean stated that Exhibit 10 was given to him by someone with MHTC but he could not state who the person was or his capacity with MHTC. Dean–Co again offered Exhibit 10 and the court sustained the same objection made by MHTC.[1]

---

1. There was no showing that Dean–Co had utilized any discovery to identify Exhibit 10.

Dean–Co timely filed a motion for new trial and alleged as error the refusal of the court to admit Exhibit 10 "to impeach the position of the plaintiff that the damages were $5,000." Some 73 days after the judgment was entered on the jury verdict, Dean–Co filed a memorandum in support of its motion for new trial in which it stated that it was addressing the refusal to admit Exhibit 10 "both as an impeachment or as an admission against plaintiff...." The memorandum further stated that even if the court denied admission of Exhibit 10 as impeachment of the witness Martin, "on rebuttal the same exhibit was re-offered and should have been received by the court as an admission against interest by a party...."

The court sustained the motion for new trial 76 days after judgment was entered on the ground that Dean–Co should have been allowed to introduce Exhibit 10 as an admission of a party opponent and as an admission against interest of a party opponent. No other reason was stated for finding error in the refusal to admit Exhibit 10.

■ MHTC contends that the court was without power to grant a new trial more than 30 days after judgment was entered on a ground not stated in Dean–Co's motion for new trial. MHTC relies upon *Sondergard v. Kansas City Power & Light Co.*, 826 S.W.2d 20, 22[1, 2] (Mo.App.1992), in which this court held that the trial court retains control over its judgments for 30 days after entry of judgment under Rule 75.01 and within that period the court may order a new trial on its own initiative. This court held that the trial court acts on its own initiative when it grants a new trial for any cause not mentioned in the motion for new trial. *Id.* It was further stated that the jurisdiction of the trial court to order a new trial on any ground not mentioned in the motion for new trial is limited to the 30–day period following the entry of judgment. *Id.*

The rule applied in *Sondergard* was based on the holding in *Stretch v. State Farm Mut. Auto. Ins. Co.*, 645 S.W.2d 729, 731[1] (Mo.App.1983). *Stretch*, in turn, relied upon *Loveless v. Locke Distributing*

*Co.*, 313 S.W.2d 24, 27[1] (Mo.1958). In *Loveless*, the court held that the trial court could not order a new trial on its own initiative or on any ground not specified in the motion for new trial more than 30 days after entry of judgment. *Id.*

There can be no dispute that the trial court cannot grant a new trial more than 30 days after entry of judgment on a ground not mentioned in the motion for new trial. MHTC contends that the only ground of error for excluding Exhibit 10 contained in the motion for new trial was that it would impeach the position of the MHTC that damage was $5,000.00. MHTC contends that when the court granted a new trial on the ground that it erred in excluding Exhibit 10 because the exhibit was admissible as an admission that the court acted on a ground not mentioned in the motion for new trial.

■ It is plain that the motion for new trial did not complain of the exclusion of Exhibit 10 on the ground that it constituted an admission. While Dean–Co tacitly agrees that this is so, Dean–Co contends that the ground that Exhibit 10 constituted an admission was properly before the trial court because Dean–Co mentioned that ground in its memorandum filed in support of its motion for new trial. In *State ex rel. Missouri Hwy. & Transp. Comm'n v. Lynch Toyota*, 830 S.W.2d 481, 488[15] (Mo.App.1992), the court considered whether or not the mention of a ground for a new trial in a memorandum filed in support of a motion for new trial would suffice as a ground stated in the motion for new trial. The court held that since the ground mentioned in the memorandum was not mentioned in the motion for new trial, and the memorandum was not incorporated in the motion for new trial, the subject mentioned only in the memorandum was not contained in the motion for new trial. This court finds *Lynch Toyota* to be persuasive and holds that a ground for a new trial mentioned only in a memorandum in support of a motion for new trial, when the memorandum is not incorporated in the motion, is not contained in the motion for new trial.

The mention in Dean–Co's memorandum in support of its motion for new trial that Exhibit 10 was admissible as an admission, when the memorandum was not incorporated in the motion for new trial, does not constitute the mention of that ground in the motion for new trial. It follows that the motion for new trial did not contain the ground that Exhibit 10 constituted an admission and the court was without power to grant a new trial for that reason more than 30 days after entry of judgment.

The order granting a new trial is reversed and this cause is remanded with directions to reinstate the judgment entered on the jury verdict.

All concur.