**BANK OF KIRKSVILLE, Respondent,**

v.

**FIRST BANK CENTRE, Appellant.**

No. 20512.

Missouri Court of Appeals,
Southern District,
Division Two.

July 11, 1996.

Matthew B. Woods, Thad R. Mulholland, Eng & Woods, Columbia, Faye M. Coultas, Osage Beach, for appellant.

Clarence W. Hawk, Hawk & Associates, Osage Beach, Robert H. Shaw, McGinness & Shaw, Platte City, for respondent.

PER CURIAM.

This is an appeal of a judgment for breach of contract based on a loan participation agreement between two banks. Respondent filed a motion to dismiss the appeal. The motion was taken with the case. Respondent contends appellant's Notice of Appeal was not filed within the time required by Rule 81.04(a). This court agrees. The appeal is dismissed.

Jury trial was held in the Circuit Court of Camden County June 28 and 29, 1995. Verdict was rendered in favor of respondent in the amount of $295,000. The trial court's docket entry dated June 29, 1995, states:

Jury retires at 1:20 p.m. Jury returns at 3:05 p.m. Judgment entered in accordance

w/verdict—For Pl for $295,000 signed by 11 jurors.

Wherefore, it is Ordered, Adjudged & Decreed that Judgment be entered in favor of Pl & against Deft First Bank Centre for $295,000. Costs taxed to Deft. /s/ MD

The following is a chronology of post-trial events:

July 21, 1995 Appellant's motion for new trial filed

July 26, 1995 Trial court filed "Judgment" signed by the trial judge, dated June 29, 1995

July 26, 1995 "Plaintiff's Motion to Amend the Judgment or in the Alternative for a Judgment Not Withstanding [sic] the Verdict" filed requesting the trial court to "amend" the judgment to award prejudgment interest

September 1, 1995 Appellant's motion for new trial denied by the trial court

Docket entry made stating, "Pls motion to amend judgment sustained & the Court awards prejudgment interest at 9% per annum from 11/18/89 until pd in full. Pl to prepare amended judgment." /s/ MD

September 8, 1995 Trial court filed "Amended Judgment" dated September 1, 1995, that recites, among other things, "... Plaintiff's Motion To Amend the June 29, 1995, Judgment for Bank of Kirksville to include prejudgment interest was heard by the Court. After hearing the arguments of counsel, the Court sustained Plaintiff's Motion to Amend the June 29, 1995, Judgment to include prejudgment interest." It ordered "that the June 29, 1995, Judgment ... be amended so that Plaintiff Bank of Kirksville recover from the Defendant First Bank Centre damages in the amount of the unpaid principal of Two Hundred Ninety–Five Thousand Dollars ($295,-000.00) plus prejudgment interest in the amount of One Hundred Twenty Thousand Nine Hundred and Forty–One Dollars and Eighty Cents ($120.941.80 [sic] )."

September 28, 1995 Notice of appeal filed

October 10, 1995 Trial court filed "Second Amended Judgment" that recited respondent's damages to be "Two Hundred Ninety–Five Thousand Dollars ($295,000.00) plus prejudgment interest in the amount of One Hundred Forty–Eight Thousand Nine Hundred Sixty–Nine Dollars and Fifty–Two Cents ($148,969.52), calculated at nine percent (9%) per annum from November 18, 1989 through June 29, 1995."

■ In order for a notice of appeal to be effective, it must be filed not later than 10 days after the judgment to which it is directed becomes final. Rule 81.04(a). "[I]n the absence of a timely-filed notice this court has no appellate jurisdiction." *Johnson v. Summers,* 596 S.W.2d 78, 79 (Mo.App.1980).

■ The judgment was final for purposes of appeal as of the date appellant's motion for new trial was denied, September 1, 1995. Rule 81.05(a). The notice of appeal was not filed until September 28, 1995. It was untimely because it was filed more than 10 days after the judgment became final. It was of no effect.

### *Respondent's Post-trial Motions*

■ The foregoing was not affected by the filing and purported rulings on post-trial requests of respondent. On July 26, 1995, respondent filed a pleading denominated "Plaintiff's Motion to Amend the Judgment or in the Alternative for a Judgment Not Withstanding [sic] the Verdict." The alternative motion for judgment notwithstanding the verdict is permitted by rule 72.01. As such, it was an authorized after-trial motion. *See Hopkins v. North American Co. for Life and Health Ins.,* 594 S.W.2d 310, 317 (Mo. App.1980).

The trial court's September 1, 1995, docket entry that purported to grant respondent's request to amend the judgment pursuant to Rule 75.01 did not address the alternative motion. Rule 81.05(a) provides, however, "Any authorized after-trial motion not passed on at the time the motion for a new trial is determined shall be deemed overruled as of the same date." Respondent's alternative motion for judgment notwithstanding the verdict was denied, by operation of Rule 81.05(a), September 1, 1995, the date appellant's motion for new trial was denied.

■ The trial court's attempt to amend the judgment by means of its September 1, 1995, docket entry, or by its "Amended Judgment" filed September 8, 1995, was undertaken pursuant to Rule 75.01.[1] A motion to amend a judgment is not an authorized after-trial motion that extends the time a trial court has control over its judgment. A motion that asks the trial court to amend a judgment pursuant to Rule 75.01 is treated as a suggestion to the trial court. *Tice v. Tice,* 850 S.W.2d 419, 420 (Mo.App.1993).

■ A trial court proceeding under Rule 75.01 acts on its own initiative. An attempt by a trial court to amend a judgment more than 30 days after it was entered is in excess of its jurisdiction and is void. *Sondergard v. Kansas City Power & Light,* 826 S.W.2d 20, 22 (Mo.App.1992). *See also AGC Ins. Fund v. Jetco Heating & Air Conditioning, Inc.,* 815 S.W.2d 141, 142 (Mo.App.1991); and *Loomstein v. Medicare Pharmacies, Inc.,* 750 S.W.2d 106, 108 (Mo.App.1988).

The attempts by the trial court to amend its original judgment by its September 1 docket entry; the September 8 purported filing of an "Amended Judgment"; and the October 10 purported filing of a "Second Amended Judgment" were nullities. Those

---

1. Rule 75.01 states:
   The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new

actions did not affect the time provided by Rule 81.04 for filing a notice of appeal.

Appeal dismissed.

trial on motion of a party, and every order granting a new trial shall specify the grounds therefor. After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal. .